## No. 14,138.

KNAPP *v.* HURD ET AL.

(68 P. [2d] 557)

Decided May 17, 1937. Rehearing denied June 7, 1937.

Mr. S. D. BROSIUS, for plaintiff in error.

Mr. C. V. MARMADUKE, Jr., Mr. FRENCH L. TAYLOR, for defendants in error.

*En Banc.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE parties appear here as in the trial court and will be designated as plaintiff and defendants. The action was for conversion of an automobile for which actual,

special and exemplary damages were prayed. The answer was a general denial of all allegations of the complaint. From a judgment on a verdict for defendants, plaintiff prosecutes this writ of error.

The bill of exceptions was tendered to the district judge who tried the case and by him so marked. The judge died before the bill of exceptions was settled. It was then proved by affidavit under section 420 of the Code of Civil Procedure, C. L. 1921. Plaintiff seeks by further affidavits to supplement the bill of exceptions so proved. There is pending also a motion to dismiss the writ of error on the ground that the assignments of error were not filed within one year · after judgment, provided as the time within which the same shall be filed by rule of this court. Since the judgment was for costs only and to such a judgment supersedeas does not lie; and since plaintiff in error has filed his brief, from a consideration of which together with the bill of exceptions, amended in every respect as prayed for by plaintiff, we still are not convinced that error was committed, the whole cause may be disposed of at this time.

The sole question is whether sale of the car—alleged to have been converted—by defendants to the plaintiff had been completed so that plaintiff was the owner at the time the conversion is alleged to have taken place.

The evidence as to whether the sale was completed or was merely in process of negotiation is conflicting and the jury finding that there was no conversion, it necessarily must be implied that there was no completed sale. After an examination of the record and bill of exceptions as tendered to the trial court; after consideration of the testimony set forth by affidavits by which it is sought to supplement the bill of exceptions tendered, and assuming all such supplemental matters to have been before the jury, we are of the opinion that the case presents nothing more than a conflict in evidence which was resolved by the

jury in favor of defendants. In such circumstances we are bound by the jury's finding.

It appears that during the negotiations plaintiff turned over to Williams, one of the defendants herein, and sales manager for the Arkansas Valley Auto Company, $80 in cash and an additional $2.30 for the sales tax on the car, the price of which, if the sale was consummated, was $115. The evidence is conflicting as to how this purchase price was paid and accepted. Plaintiff says he paid it in cash together with a $35 credit for advertising space later to be used by defendants in a paper which he published on a "take it or leave it" proposition, as he stated, at the time he paid Williams. Williams says he took the $80 with the reservation, expressed at the time, that the deal would have to be approved by Mr. Hurd, one of the defendants and the owner of Arkansas Valley Auto Company, before it became final. Hurd refused the offer as made, making a counteroffer to accept $90 cash and a $25 credit memorandum. While Williams was locating and conferring with Hurd, a matter of an hour and a half elapsed, during which time plaintiff had possession of the car. Upon Williams' return with Hurd's refusal to accept the $80 and a $35 advertising credit, he advised plaintiff that the deal could not be completed and that he could have his money back. The plaintiff stated that he did not want his money back, that he had already bought the car, but he refused to make payment in accordance with Hurd's terms. Williams then, with the aid of other employees of the garage named as defendants herein, took a truck and pulled the car into the garage from the place where plaintiff had parked it on the street and refused to allow plaintiff to repossess it.

The testimony of plaintiff was that the $80 and the sales tax of $2.30 had not been repaid and this testimony is not denied. Evidence of the retention of this money was competent on the question of ratification. It was admitted without objection. Plaintiff requested no instruction as to the effect of retaining the money and

none was given. Under such circumstances he is in no position to complain of noninstruction. The evidence was competent and the jury, with that fact before it, found there was no conversion, from which it follows necessarily that they accepted defendants' theory of the case that there was not a completed sale. The sale not having been completed, as a matter of law plaintiff is entitled to the return of his money. No tender having been made the court should have required that the amount be deposited in court before entering judgment on the verdict, or if not so deposited, it should have entered judgment in plaintiff's favor for the amount of money retained.

The judgment of the lower court will be affirmed, the costs to follow the judgment; but defendants are ordered within ten days to pay $82.30 with legal interest from October 21, 1935, into the district court for the use of the plaintiff, and upon failing so to do within such time the district court will enter judgment in favor of plaintiff for that amount and issue execution therefor.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK not participating.