No. 22118.

ROSEN NOVAK AUTO CO., A COLORADO CORPORATION, RICHARD BUSCHER, AN INDIVIDUAL AND EBEN ANDERSON, AN INDIVIDUAL v. OWEN HOWARD HARTOG AND LEONA HARTOG.

(454 P.2d 932)

Decided April 1, 1969.    Rehearing denied June 23, 1969.

Ben Klein, for plaintiffs in error.

Robert L. Tognoni, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hodges.

The defendants in error, who were the plaintiffs in the trial court, recovered a judgment against Rosen Novak Auto Co. on their complaint alleging conversion of an automobile. The parties will be designated herein as they were in trial court.

In May of 1961, plaintiffs, who are husband and wife, negotiated with defendant for the purchase of a Ford Country Sedan priced at $1195 and offered their Buick car as a trade-in. Plaintiff husband signed a sales order which, including the sales tax, title transfer cost and insurance, and deducting $595 for the Buick trade-in, resulted in an unpaid balance of $742.70 for the Ford, which amount was to be financed. The following words were plainly printed on the sales order: "This order is not valid unless signed and accepted by an officer of this company." The sales order was never signed by a company officer. After the sales order had been signed by plaintiff husband, defendant's salesman affixed to the Ford a temporary registration certificate, naming plaintiff "O. Howard Hartog" as owner, and the plaintiffs drove the Ford home. Plaintiffs left their Buick car, and title thereto, in defendant's possession.

Within several days after this transaction, defendant ascertained that the traded-in vehicle had a leaky transmission, and contacted plaintiffs to demand that they return the Ford. After several unpleasant colloquies between plaintiffs and defendant, defendant took the Ford from where it was parked in front of plaintiffs' home and subsequently sold it to a third party. Thereafter, defendant twice towed the Buick to plaintiffs' home, and

plaintiffs twice towed it back to defendant's car sales lot. Ultimately, the Buick car came to rest in the police pound, from where plaintiffs refused to redeem it.

Plaintiffs brought suit for conversion of the Ford, alleging actual and special damages of $2,000 for loss of their car, great shock to their nerves and nervous system, great humiliation and embarrassment, loss or impairment of their credit, loss of use of their car, and loss of sleep and time. In addition, plaintiffs claimed exemplary damages of $1,000 for defendant's alleged acts of malice and insult, and reckless and wilful disregard to the rights and feelings of plaintiffs.

At the conclusion of the evidence, the trial court removed the issue of punitive damages from the jury, which returned a general verdict in favor of plaintiff husband in the amount of $900. Based upon the evidence of the value of the Ford, less the unpaid balance of $742.70, it is obvious that the jury's verdict of $900 included an amount for the alleged special or consequential damages. The jury was instructed that its award of damages could include both compensation for the loss of the auto and the special or consequential damages.

The substance of the defendant's assignments of error are two-fold:

(1) There was never a completed sale of the Ford Country Sedan to plaintiffs, and hence, plaintiffs lacked the requisite ownership to maintain an action for its conversion; and,

(2) the failure to submit separate verdicts to the jury, distinguishing between the value of the car and the alleged special or consequential damages, was prejudicial error.

The evidence is conflicting as to whether a sale of the Ford vehicle was consummated between plaintiffs and defendant. However, the jury, by its verdict awarding damages for conversion, implicitly found a completed sale. Under these circumstances, this court cannot dis-

turb the jury's finding. *Knapp v. Hurd,* 100 Colo. 537, 68 P.2d 557.

No issue regarding the applicability of C.R.S. 1963, 13-6-8 of the Certificate of Title Act was raised here. Therefore, we are not making any determination here as to whether the provisions of this statute apply to the type of transaction involved in this case.

Defendant further objects to the use of the single jury verdict form. Defendant argues that the case should have been submitted to the jury on separate verdicts for the value of the car at the time of conversion and for the consequential damages. However, *Kenworth Corporation v. Whitworth,* 144 Colo. 541, 357 P.2d 626, is the sole authority cited by defendant in support of its position. The *Kenworth* case is inapplicable, because the issue therein posed and resolved was the necessity under facts of that case for separate verdicts for actual and for exemplary damages.

Although no Colorado case could be found directly in point, the generally accepted rule is that various elements or items of actual damages together with the amounts allowed for each of the elements or items, are not required to be separately stated in jury verdicts. See 89 C.J.S. *Trial* § 508.

Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.