The OHIO CASUALTY INSURANCE COM-
PANY, Plaintiff in Error,

v.

The FIRST NATIONAL BANK OF NICH-
OLASVILLE, KENTUCKY, Wanda Jean
Moran, Dorsett L. Stevens, and Sam J.
Norton, Jr., Defendants in Error.

No. 41470.

Supreme Court of Oklahoma.

Feb. 23, 1967.

Sanders, McElroy & Whitten, and Richard L. Carpenter, Jr., Tulsa, for plaintiff in error.

Rucker & Tabor, B. W. Tabor, Tulsa, for defendants in error The First National Bank of Nicholasville, Kentucky, and Wanda Jean Moran.

Alfred B. Knight, Tulsa, for defendants in error Dorsett L. Stevens and Sam J. Norton, Jr.

DAVISON, Justice.

This action was originally filed in the lower court on June 8, 1964, by First National Bank of Nicholasville, Kentucky (plaintiff) against The Ohio Casualty Insurance Company (defendant) to recover the sum of $7500 upon an insurance policy furnished by defendant. Defendant's appeal presents the question of whether the lower court erred in sustaining motions and a demurrer filed as a result of defendant's answer and its "counterclaim" against additional defendants, who were made parties to the lawsuit by reason of defendant's pleading.

Plaintiff's petition alleged that it was a Kentucky banking corporation and that defendant insurance company was an Ohio corporation and licensed to do business in Kentucky and Oklahoma; that on April 6, 1963, at Nicholasville, Kentucky, the plaintiff made a loan to one Edwin W. Moran, secured by a mortgage upon an airplane owned by Edwin W. Moran, and that in connection with such loan the plaintiff requested and there was issued by defendant an all risk property damage insurance policy with a mortgagee clause in favor of plaintiff; that on July 30, 1963, while Edwin W. Moran was making a landing at Tulsa, Oklahoma, the plane was totally

destroyed and Edwin W. Moran was killed in a collision with another plane; and prayed for judgment against the defendant on the policy.

Defendant's answer and counterclaim admitted it issued the insurance policy and that a collision occurred in which the plane mortgaged to plaintiff was destroyed beyond use, and also alleging certain defenses to recovery on the insurance policy. Defendant further alleged that on September 25, 1963, Wanda Jean Moran, widow of Edwin W. Moran, instituted an action individually and on behalf of her two minor children in the District Court of Tulsa County, Oklahoma, against Dorsett L. Stevens and Sam Norton, Jr., in which she sought recovery inter alia, for $9850.00 for damage done to the airplane; that on April 13, 1964, Wanda Jean Moran recovered a judgment against Stevens and Norton, Jr., on all her asserted claims and causes of action for $50,000.00; and that on April 14, 1964, she acknowledged receipt of said sums and gave a release and satisfaction of her judgment against Stevens and Norton, Jr. Defendant also alleged that Wanda Jean Moran held $9850.00 in trust for all persons having an interest in the Moran plane, and further alleged that Norton, Jr., was the owner and Stevens was the pilot of the plane that collided with the plane being flown by Edwin W. Moran, and their negligence caused the damage to the Moran plane, for which they were liable to plaintiff and defendant. Defendant prayed for judgment against Wanda Jean Moran, Stevens, and Norton, Jr., for the amount of the judgment, if any, that plaintiff recovered against it in the action on the insurance policy.

Defendant attached, as exhibits to its answer and counterclaim, copies of Wanda Jean Moran's petition in her action against Stevens and Norton, Jr., and of the journal entry of judgment and the release and satisfaction of the judgment. Her petition recited she was a resident of Kentucky and alleged a cause of action for wrongful death because of alleged negligence of the defendants herein. Therein Wanda Jean Moran alleged an item of $9850.00 damages for the destruction of the plane. The journal entry of judgment recites a recovery of $50,000.00, by reason of the death of Moran, for all damages, claims and losses suffered by reason of his death and/or arising out of his death. No specific mention is made therein of recovery for damages for loss of the plane.

Defendant caused summons to be issued for service upon Wanda Jean Moran in Fayette County, Kentucky, and the summons was served upon her by the sheriff of that county. This service was based upon the provisions of the "long-arm" statute, 12 O.S.Supp.1963, § 187. Summons was served upon Norton, Jr., in Tulsa County and upon Stevens in Pottawatomie County, Oklahoma.

Wanda Jean Moran filed a special appearance and motion to quash and plea that the court had neither venue nor jurisdiction over her.

The defendants Norton, Jr., and Stevens filed a demurrer on the ground that no cause of action was stated against them.

Plaintiff filed a motion to strike from defendant's answer and counterclaim all allegations and claims of defendant based thereon relative to the prior action by Wanda Jean Moran against Norton, Jr., and Stevens, on the ground that the plane belonged to Edwin W. Moran and its loss was not a cause of action of the surviving widow and further that such alleged claim was in fact stricken from her petition at the request of the defendants therein, and on the further ground that the counterclaim was incompetent and prejudicial.

The court sustained the above motion and plea of lack of venue and jurisdiction filed by Wanda Jean Moran. In connection therewith the court recited in its order that it had "heard and considered argument of counsel and the transcript offered by the *plaintiff*" and the motion should be sustained.

The court sustained the demurrer of Norton, Jr., and Stevens on the recited ground that defendant had not paid on the mortgage (plaintiff's) and had no assignment thereof and did not, "under the statute have the right of contribution or indemnity over and against third parties."

The court further sustained the motion of the plaintiff to strike portions of the defendant's answer and counterclaim to the extent above described.

We will first consider the alleged error of the court in sustaining Wanda Jean Moran's motion and plea of no jurisdiction over her.

Defendant's answer and counterclaim bases its right to relief against her on her alleged status as a trustee of $9850.00, representing the damage to the plane, and paid as an integral part of the satisfaction of her judgment in the suit against Norton, Jr., and Stevens. As stated, it was represented that this item of damage was stricken from her petition and constituted no part of her judgment. The record is barren of any showing or proof that this was done, except the vague statement in the journal entry in the present case that the court considered "the transcript offered by the plaintiff." If the item of damage to the plane was stricken from her petition then that item was no part of her judgment, and defendant's theory that she was a trustee would have no foundation. However, defendant does not concede or admit that this allegation of loss was stricken from the petition of Wanda Jean Moran. Under these circumstances we express no opinion or conclusion as to the state of pleadings in such prior action. Our disposition of defendant's proposition of error will be determined on other grounds.

Defendant relies upon three Oklahoma statutes as grounds for making the non-resident Wanda Jean Moran a party defendant and serving her with summons.

Title 12 O.S.Supp.1963, § 187, provides in part as follows:

"(a) Any person, firm or corporation other than a foreign insurer licensed to do business in the State of Oklahoma who is a nonresident of this State and who does any of the acts hereinafter enumerated, whether in person or through another, submits himself, and if an individual his personal representative, to the jurisdiction of the courts of this State' as to any cause of action arising from the doings of any of said acts:

"(1) the transaction of any business within this State;

"(2) the commission of any act within this State;

"(3) the manufacture or distribution of a product which is sold in the regular course of business within this State and is used within this State;

"(4) contracting to insure any person, property or risk located within this State at the time of contracting.

"(b) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon said person outside of this State with the same force and effect as though summons had been personally served upon him within this State. Said summons shall be served and returned in the manner directed in 12 O.S.1961, § 175, and shall be verified in the manner directed in 12 O.S.1961, § 158. * * *"

Said § 187, was amended in 1965, 12 O.S.Supp.1965, § 187, to provide that it applied to the described parties "whether or not such party is a citizen of this State."

Title 12 O.S.Supp.1963, § 243, is as follows:

"The defendant may join as a party to a counterclaim, a set-off or right to relief concerning the subject of the action, any person who may be jointly and severally liable to the defendant on such counterclaim, set-off or other right to relief. The court, in its discretion, may order a separate trial of said counterclaim, set-off or cross-claim or of any issue therein, to avoid delay or prejudice."

Title 12 O.S.Supp.1963, § 323, is as follows:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. Nothing herein permits the joinder of liability insurers or creates any right of contribution or indemnity, which has not heretofore existed."

■ These statutes were enacted in 1963. No decision of this court has interpreted and applied the statutes to a situation like that presented in this appeal. It is clear that in the present situation § 187 is the controlling statute. This is true because we are concerned here with the proposition of jurisdiction of the court over the nonresident Wanda Jean Moran to adjudge a personal liability against her. Consequently, her act, even though it may fall within the provisions of §§ 243 and 323, must be of such character as to satisfy the requirements of § 187, since it is the latter statute that specifies the antecedent conditions whereby the instant nonresident has or may have submitted herself to the jurisdiction of the courts of this State.

Defendant alleged that Wanda Jean Moran engaged in the transaction of business within this State when she filed and prosecuted her damage suit in Tulsa County and released the judgment. Section 187 provides that by the act of "the transaction of any business within this State" a person submits himself to the jurisdiction of courts of this State as to any cause of action arising from such act.

In Iola State Bank v. Kissee, Okl., 363 P.2d 368, we held that the institution and prosecution of actions in the courts of this State by a foreign corporation is not doing business therein within the meaning of § 43, Art. 9, of the Constitution and Title 18, O.S.1961, § 1.199. (We note that the cited statute provides "No foreign corporation shall transact or engage in business in this State until it shall become domesticated.") See cases cited in the above decision in support of the stated rule of law.

In Collar v. Peninsular Gas Company (Mo.) 295 S.W.2d 88, 91, 92, the court said its decisions holding that foreign corporations were not "doing business" when they engaged in litigation in the state, were applicable in determining the issue of jurisdiction and process in a suit filed against the foreign corporation.

We observe that the statute, § 187, supra, apparently makes no distinction between natural persons and corporations with reference to "transaction of any business within this State." Wanda Jean Moran was a nonresident of this State and as to her the circumstance of her filing and prosecuting the damage suit was the only incident which may be claimed as constituting the transaction of business. The circumstances are analogous to a foreign corporation filing and prosecuting an action in this State.

■ It is our conclusion that Wanda Jean Moran did not engage in the transaction of any business within this State when she filed and prosecuted the damage suit.

We now come to a consideration of that part of § 187, regarding "the commission of any act within this State" as it affects Wanda Jean Moran.

In adopting the quoted language, the Legislature furnished no words of limitation or description as a guide to the courts in determining the kind or type of act the Legislature contemplated would constitute submission to the jurisdiction of the courts of this State. A number of States, including Illinois, Rev.Stat. c. 110, § 17, and New York Book 7B, Art. 3, CPLR, § 302, have enacted similar laws relative to "tortious" acts. Our research has revealed no statute employing the general term "any act." In our opinion the phrase "any act" is difficult

to describe or define. Its meaning within the framework of § 187, supra, must necessarily be consistent with due process.

This presents a constitutional question involving due process under the Fourteenth Amendment of the Constitution of the United States. No cases have been cited, and our research has disclosed none, holding that the filing and prosecution of a lawsuit constitutes the commission of an act within the meaning of such term as employed in said statute. For the purposes of this decision we will assume that when Wanda Jean Moran filed and prosecuted her lawsuit she engaged in the commission of an act. The provision of § 187 is general and we must determine whether the circumstances are sufficient to render Wanda Jean Moran subject to the jurisdiction of the Tulsa Common Pleas Court.

■■ The question of due process with regard to jurisdiction over nonresidents has been the subject of a number of rather recent decisions by the Supreme Court of the United States. In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, the court announced flexible standards as to the requirements for personal jurisdiction over nonresidents. In that case the salesmen of the foreign corporation had engaged in systematic and continuous activities in the state and the state sought to collect from the corporation the contributions required by statute to be made by employers to a state unemployment compensation fund. The court held the obligation of the corporation arose out of the activities and under the circumstances there was no denial of due process in subjecting it to the jurisdiction of the state courts in an action to recover the prescribed contributions. We quote from the decision as follows:

"* * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

and concerning activities within the state which courts deem to be sufficient to satisfy the demands of due process:

"Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection."

and further:

"It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less.

\*       \*       \*       \*       \*       \*

"Whether due process is satisfied must depend upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. * * *"

The case of McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 200, 2 L. Ed. 223, involved the validity of a judgment rendered in California pursuant to a statute authorizing the maintenance in that State of suits on insurance contracts delivered to California residents by foreign insurers. The decision states as follows:

"Since Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, this Court has held that the Due Process Clause of the Fourteenth Amendment places some limit on the power of state courts to enter binding judgments against persons not served

with process within their boundaries. But just where this line of limitation falls has been the subject of prolific controversy, particularly with respect to foreign corporations. In a continuing process of evolution this Court accepted and then abandoned 'consent,' 'doing business,' and 'presence' as the standard for measuring the extent of state judicial power over such corporations. See Henderson, The Position of Foreign Corporations in American Constitutional Law, c. V. More recently in International Shoe Co. v. State of Washington, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057, the Court decided that 'due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'' Id. 326 U.S. at 316, 66 S.Ct. at page 158."

In the McGee case the court said that California had a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims.

In Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283, the court found there was an absence of the requisite contacts to support jurisdiction over the nonresident. In connection with its discussion of the changes responsible for the need for increased jurisdiction over nonresidents, the court stated:

"* * * In response to these changes, the requirements for personal jurisdiction over nonresidents have evolved from the rigid rule of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, to the flexible standard of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456, [1459]. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. * * * *".

In the present case Wanda Jean Moran was at all times a resident of Kentucky and a nonresident of Oklahoma and her use of the Tulsa District Court for suit against Norton, Jr., and Stevens did not entail any contact or connection with the present defendant insurance company. She is made a party here on an allegation of a liability to the defendant that is not necessary to a determination of the issues between plaintiff and defendant insurance company. This generality of the statute (§ 187) regarding "any act" will probably raise other problems of interpretation in other cases. In view of the circumstances and the conduct of Wanda Jean Moran and the other factors expressed in the above cited authorities governing jurisdiction of nonresidents, we see nothing, according to our notions of fair play and substantial justice and of fair and orderly administration of the laws, which would require a holding that she be subjected to the jurisdiction of the courts of this State in the present litigation.

The order of the lower court sustaining her motion and plea to the jurisdiction of the court is affirmed.

We now turn to defendant's contention that the lower court erred in sustaining the demurrer of Norton, Jr., and Stevens.

Defendant contends it may join these persons as parties under the provisions of 12 O.S.Supp.1963, § 243, supra, because they are liable to it on what it has described as its "counterclaim," and likewise by reason of 12 O.S.Supp.1963, § 323, supra, authorizing joinder of all claims as therein provided. It is pointed out that the last sentence of § 323 states, in part,

that nothing therein creates any right of contribution or indemnity which has not heretofore existed.

■ The insurance contract furnished by defendant agrees to pay for direct loss of or damage to the aircraft and plaintiff mortgagee's interest is included in the policy. The policy provides that in the event of payment under the policy, the defendant shall be subrogated to all the insured's rights of recovery therefor against any other parties. Furthermore, the policy of insurance was a contract of indemnity, and the defendant insurer upon paying the loss, would, without any formal assignment or any express stipulation to that effect in the policy, be subrogated, to the extent of the amount paid, to the assured's right of action to recover such loss. Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 859.

■ It is the general rule that a person must have paid a debt due a third party before he can be subrogated to that party's rights and maintain an action against the one primarily liable. See Johnson v. Gillett, 66 Okl. 308, 168 P. 1031; Berger v. City of Vinita, 170 Okl. 214, 40 P.2d 1; Boling v. Ashbridge, 111 Okl. 66, 238 P. 421; and Fox v. Dunning, 124 Okl. 228, 255 P. 582.

■ The defendant has not paid the loss suffered by plaintiff, and defendant did not qualify to be subrogated to plaintiff's rights and maintain a cross-claim against Norton, Jr., and Stevens.

The lower court did not err in sustaining the demurrer of Norton, Jr., and Stevens and dismissing them as parties to the suit.

Defendant further complains that the lower court erred in sustaining plaintiff's motion to strike defendant's "Counterclaim and Cross Petition" against Wanda Jean Moran and Norton, Jr., and Stevens. We have herein affirmed the action of the lower court in sustaining the motion and plea to the jurisdiction and the demurrer respectively of these parties, and they have been dismissed and removed as parties

to the suit. Under these circumstances the proposition of error is moot.

Affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, HODGES and LAVENDER, JJ., concur.

BERRY, J., concurs in result.