Kenneth **FAGERBERG, David J. Fagerberg, Jr., Richard C. Fagerberg, Lynn Fagerberg, and Rhinie Brunner, Plaintiffs-Appellees,**

**and**

**Brancucci Produce Company, Inc., a Colorado funding company, d/b/a Brancucci Produce Company, Plaintiffs Cross-Appellants,**

**v.**

**George H. WEBB and Dessert Seed Company, Inc., Defendants-Appellants and Cross-Appellees.**

No. 80CA1142.

Colorado Court of Appeals, Div. II.

June 30, 1983.

Rehearing Denied Oct. 27, 1983.

Certiorari Granted March 12, 1984.

Sherman & Howard, Michael A. Williams, Kenneth B. Siegel, Denver, for plaintiffs-appellees and plaintiffs-cross-appellants.

West & Winters, William L. West, Greeley, for defendant-appellant and cross-appellee George H. Webb.

Paul D. Renner, P.C., John R. Rodman, Denver, Sutherland & Gerber, P.C., Lowell F. Sutherland, El Centro, Cal., for defendant-appellant and cross-appellee Dessert Seed.

SMITH, Judge.

This case involves numerous claims, cross-claims, and third-party complaints alleging negligence, breach of warranty, and indemnity. Trial to a jury resulted in verdicts in favor of plaintiffs Kenneth, David, Richard, and Lynn Fagerberg and Rhinie Brunner (Fagerbergs) and against defendant, Dessert Seed Co., Inc. (Dessert Seed), for negligence and against defendant, George Webb, for breach of warranty. The trial court denied the claims of plaintiff Brancucci Produce Co., Inc. (Brancucci), against Webb and Dessert Seed for indemnity. The trial court also denied Webb and Dessert Seeds' cross-claims for indemnity from each other.

We affirm the trial court's denial of the claims for indemnity. We also affirm the judgment against Webb for breach of warranty. However, we remand the matter to the trial court with directions to amend that judgment by entering judgment against Webb for the full amount of damages as found by the jury. We reverse the judgment against Dessert Seed.

Fagerbergs were onion farmers. In the fall of 1974, they ordered "Yellow Sweet Spanish Onion" plants from Brancucci. Fagerbergs prepared their ground in anticipation of planting, but were told by Brancucci in about March 1975 that he could not get the onion plants because of a crop failure.

Fagerbergs demanded Brancucci provide them with onion plants as their ground was prepared for transplants. Brancucci then, through various brokers, located plants which he sold to Fagerbergs as "Yellow Sweet Spanish Onions." The plants were bought from Webb.

Webb was in the business of growing onion seed into small plants for later transplanting by others. The onion plants grown by Webb were shipped all over the country. Webb purchased some of his onion seed from Dessert Seed. The plants sold to Brancucci and, eventually, Fagerbergs were grown from seed sold to Webb by Dessert Seed. However, they were not "Yellow Sweet Spanish Onions." Rather, they were "Zittau" onions which were new to the United States and which had different growing characteristics than "Yellow Sweet Spanish Onions."

The seeds were correctly labeled as "Zittau" when sold by Dessert Seed to Webb. However, the plants grown from the "Zittau" seed were improperly represented as "Yellow Sweet Spanish" by Webb. Brancucci and Fagerbergs thought they were buying "Yellow Sweet Spanish Onions."

Fagerbergs began to notice difficulty with their onion crop about June or July 1975. The plants had large and multiple stems, but no bulbs. These onion plants were commercially unsaleable in the same market as "Yellow Sweet Spanish Onions."

Fagerbergs filed suit against Brancucci and, thereafter, various claims, cross-claims, counter-claims, and third party complaints were filed. When all was done, Fagerbergs and Brancucci had arrived at a settlement between themselves prior to trial and thereafter proceeded to trial as joint plaintiffs. No issues were presented at trial as to any dispute or claim between Fagerbergs and Brancucci.

The issues tried were: (1) Fagerbergs' claim against Webb for breach of warranty; (2) Fagerbergs' claim against Dessert Seed for negligence; (3) Brancucci's claims against Webb and Dessert Seed for indemnity based on a $200,000 payment made by

Brancucci to Fagerbergs as part of the pre-trial settlement; and (4) Dessert Seed and Webbs' indemnity claims against one another. The jury found that Webb had breached his warranties, and Dessert Seed had been negligent. Based on the jury's determination that Webb and Dessert Seed were equal contributors to Fagerbergs' loss, the trial court denied the cross-claims for indemnity. Brancucci was denied recovery on his indemnity claims.

## I.

Dessert Seed contends that the trial court erred in not directing a verdict in its favor on the issue of negligence. We agree.

In determining whether the trial court erred in refusing to grant Dessert Seed's motion for directed verdict, we must review the record in a light most favorable to Fagerbergs. *Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399 (1978). A motion for directed verdict can only be granted where the evidence, when so considered, compels the conclusion that the minds of reasonable persons could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been presented upon which a jury's verdict against the moving party, Dessert Seed, could be sustained. *McGlasson v. Barger,* 163 Colo. 438, 431 P.2d 778 (1967).

Negligence occurs when one party deviates from reasonable standards of care owed to another, and such conduct naturally and foreseeably results in injury to the other. Negligence is the failure to act as a reasonably prudent person would under the same or similar circumstances. *McCormick v. U.S.,* 539 F.Supp. 1179 (D.Colo. 1982); *Hogue v. Colorado & Southern Ry.,* 110 Colo. 552, 136 P.2d 276 (1943).

Fagerbergs presented no evidence which would permit the inference that Dessert Seed deviated from reasonable standards of care or failed to act as a reasonably prudent person would have under the same circumstances. Indeed, the evidence was overwhelmingly in Dessert Seed's favor.

It was not disputed that Dessert Seed did all that was required of it by statute and the customs existing within the industry. all of the parties agreed that the basic and primary duty of a seed distributor is to properly label the seed. 7 U.S.C. 1551 et seq.; 7 C.F.R. 201 et seq.; *see Agricultural Services Ass'n, Inc. v. Ferry Morse Seed Co.,* 551 F.2d 1057 (6th Cir. 1977); *Nakanishi v. Foster,* 64 Wash.2d 647, 393 P.2d 635 (1964); *Hoskins v. Jackson Grain Co.,* 63 So.2d 514 (Fla.1953). It is undisputed that Dessert Seed did fulfill this duty to label properly.

It was further undisputed that Dessert Seed passed along to Webb all that it knew of the growing characteristics of "Zittau" onion seeds. Specifically, it was acknowledged at trial that Dessert Seed cautioned Webb that "Zittau" onion seeds would only produce bulbs in the very northern part of the United States.

Thus, since Fagerbergs failed to present any evidence tending to show that Dessert Seed breached any duty owed them, Dessert Seed's motion for directed verdict should have been granted. Accordingly, we reverse the jury's determination that Dessert Seed was negligent.

## II.

Webb raises numerous issues on appeal, none of which concern the jury's determination that he had breached his warranty to Fagerberg.

Webb first argues that the trial court lacked jurisdiction. We disagree.

Webb's initial response to the complaint against him was a motion to dismiss and to quash service of summons. The motion alleged that the court lacked personal jurisdiction over him. A hearing on the motion was conducted and the trial court ruled that Webb had entered into a number of contracts with produce brokers in the State of Colorado. Accordingly, the trial court found that Webb had subjected himself to the jurisdiction of Colorado courts under

Colorado's "long-arm statute," § 13–1–124, C.R.S.1973.

Thereafter, Webb filed various cross-claims and third-party claims. By invoking the jurisdiction of the court in filing these permissive cross-claims and third-party complaints, Webb waived any objection to the issue of in personam jurisdiction. *See T.L. Smith v. District Court,* 163 Colo. 444, 431 P.2d 454 (1967).

### III.

Webb next contends that the evidence was insufficient to support the jury's damage award. We disagree.

■ There is no question that the Fagerbergs were damaged when they planted onions not capable of producing the crop they expected. Once the fact of damage has been proven, uncertainty as to amount will not prevent recovery. *Peterson v. Colorado Potato Flake & Mfg. Co.,* 164 Colo. 304, 435 P.2d 237 (1967).

■ In this case, the Fagerbergs presented evidence as to costs incurred, growing expense, expected yields, anticipated markets, etc. They demonstrated a thorough familiarity with the property involved, its productivity, utility, and adaptability for the purpose it was intended. This evidence was sufficient to prove damages. *Carlson v. Bain,* 116 Colo. 526, 182 P.2d 909 (1947). Webb has attacked the testimony of Fagerberg in argument, but offered nothing into evidence to rebut it. We conclude that there was sufficient evidence of amount of damages to support the jury's award, and we will not set it aside on review. *Vigil v. Pine,* 176 Colo. 384, 490 P.2d 934 (1971).

We have considered Webb's other contentions of error, and find them to be without merit.

### IV.

On cross-appeal, Brancucci contends that the trial court erred in denying its claims against Dessert Seed and Webb for indemnity. We disagree.

■ Since we have here concluded that Dessert Seed is not liable as a matter of law, any indemnity claim of Brancucci against Dessert Seed will likewise fail. Brancucci's argument is that because it paid Fagerbergs $200,000 in order to be relieved of liability in the lawsuit, it is entitled to recover that amount from Webb, who is primarily liable, the liability of Brancucci being only secondary.

In order to determine whether the claim for indemnity should have been sustained, we must first look at the agreement under which the $200,000 was paid by Brancucci to Fagerbergs. The essence of the settlement agreement was that Brancucci would pay to the Fagerbergs the sum of $200,000, and in return would be relieved of any liability in the primary suit. In addition, it was agreed between Brancucci and the Fagerbergs that Brancucci would receive the first $225,000 of any recovery received by the plaintiffs, together with Brancucci's costs advanced, and 50% of any sum obtained in excess of these amounts. It would appear that by this contract, Brancucci has purchased a portion of the plaintiffs' claim as distinguished from having been required to pay a portion of Fagerbergs' damages in order to escape further liability.

■ Inasmuch as the Fagerbergs have now recovered their full damages, by our modification and affirmation of the judgment against Webb, we are hard pressed to find that Brancucci has suffered an actual loss. And, absent damages to support a claim for indemnity, such a claim will fall. *United Gas Corp. v. Guillory,* 206 F.2d 49 (5th Cir.1953); *Milstein v. Troy,* 272 App. Div. 625, 74 N.Y.S.2d 892 (1947). Thus, the trial court was correct in its ruling.

### V.

■ Finally, the trial court ordered that judgment enter against Webb for $200,000 less than was found by the jury. This was error.

The jury found that Webb was liable to the Fagerbergs for breach of warranty.

The total amount of that liability was determined to be $521,182. This liability is solely that of Webb, and he is responsible for satisfying it in full. Regardless of the agreement between Brancucci and the Fagerbergs, Webb's liability is fixed at $521,182.

The judgment denying Brancucci's claim for indemnity is affirmed. The judgment against Dessert Seed is reversed. The cause is remanded with directions that the trial court dismiss the claims against Dessert Seed and modify the judgment against Webb as reflected above. Such judgment as modified is affirmed.

PIERCE and STERNBERG, JJ., concur.