**The PEOPLE of the State of Colorado, Petitioner-Appellee,**

**In the Interest of Jerry BAILEY, Respondent-Appellant.**

**No. 86CA1000.**

Colorado Court of Appeals, Div. II.

Aug. 20, 1987.

Rehearing Denied Sept. 17, 1987.

Stephen H. Kaplan, City Atty., Morris P. Evans, Asst. City Atty., Denver, for petitioner-appellee.

James D. McKnight, Jr., Aurora, for respondent-appellant.

STERNBERG, Judge.

Jerry Bailey (respondent) appeals an order of the probate court entered upon a jury verdict upholding his certification for short-term treatment pursuant to § 27–10–111(1), C.R.S. (1982 Repl. Vol. 11). We affirm the order.

The respondent was apprehended by the police at the airport, where he was allegedly creating a disturbance in front of the women's restroom. He was arrested, but the charges were eventually dropped when Bailey was admitted to the Fort Logan Mental Health Center on a seventy-two hour hold and was then certified for short-term treatment.

A jury trial was held after Bailey requested review of the certification. At the time of trial, the original certification had expired; however, the People had filed an extension of short-term treatment, and it was this extended certification that the court's order upheld.

At the present time, the extended certification also has expired and respondent is no longer subject to any involuntary mental health certification proceeding. Although it would thus be impossible for this court to grant any effectual relief to respondent, we have chosen to address an issue raised by his appeal which is capable of repetition, yet will continue to evade review because of the impracticality of providing review before a short-term certification has expired. *See Goedecke v. Department of Institutions*, 198 Colo. 407, 603 P.2d 123 (1979), (fn. 5).

The determinative issue is whether compliance with the mandate in § 27–10–107(3), C.R.S., that respondent be asked to designate a person to be informed of the certification as soon as respondent is capable of making such a designation, is a question for the court or jury, and if it is a question for the jury, whether the court must instruct the jury that it must find compliance by clear and convincing evidence.

When a hearing to review a certification is requested, § 27–10–111(1), C.R.S., requires that the court or jury find, by clear and convincing evidence, that the respondent is mentally ill and, as a result of such

mental illness, is a danger to others or to himself or gravely disabled. This finding is a predicate to the factfinder's determination that respondent is in need of care or treatment. Certification is conditional upon such findings of fact, and consequently, these are the central factual issues at a hearing to review certification. *See People v. Taylor*, 618 P.2d 1127 (Colo.1980).

In contrast, the procedural prerequisites to obtaining a certification in § 27–10–107(3), C.R.S. are conditions which must be met in order for the court to have jurisdiction over the subject matter of the certification. In *People in Interest of Clinton*, 742 P.2d 946 (Colo.App.1987), we held that a failure to comply strictly with the procedural requirements of the civil commitment statute renders an order affirming certification void for lack of jurisdiction. Because matters of jurisdiction are questions of law, the probate court correctly refused to submit the procedural issue to the jury and declined to instruct it that compliance must be determined by clear and convincing evidence.

Respondent also argues that he is entitled to receive treatment in the least restrictive environment possible under § 27–10–116(1)(b), C.R.S., that this issue also should have been submitted to the jury, and that the clear and convincing standard of proof should apply here as well. This argument is without merit.

Section 27–10–116(1)(b) itself states that this issue concerning the appropriate treatment environment is to be the subject of a habeas corpus proceeding brought pursuant to § 13–45–102, C.R.S. And, § 13–45–103(1), C.R.S., states that at a habeas corpus hearing, "[t]he court shall proceed in a summary way to settle the facts...." Hence, this matter is for the court, not a jury.

The order of the probate court is affirmed.

SMITH and METZGER, JJ., concur.