The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the Interest of Robert George LEES, Respondent-Appellant.

No. 86CA1645.

Colorado Court of Appeals, Div. II.

Sept. 10, 1987.

Michael S. Kaminski, Adams County Atty., Robert J. Main, Asst. County Atty., Brighton, for petitioner-appellee.

Scott T. Poland, Lakewood, for respondent-appellant.

STERNBERG, Judge.

In this proceeding concerned with the certification of respondent, Robert George Lees, for mental health treatment, respondent appeals an order for the extension of his long-term care and treatment entered pursuant to § 27–10–109, C.R.S. We affirm.

Respondent asserts that the trial court erred in two respects: 1) granting the petitioner's motion for a judgment notwithstanding the verdict and 2) refusing to submit the issue of treatment in the "least restrictive environment" to the jury.

Section 27–10–109(5), C.R.S., requires that when a jury trial is requested to review an extension of long-term care and treatment, the jury shall determine whether the conditions of § 27–10–109(1), C.R.S., continue to be met. Section 27–10–109(1)(b), C.R.S., requires among other things as a condition of certification, that:

"The respondent has been advised of the availability of, but has not accepted, voluntary treatment; but if reasonable grounds exist to believe that the respondent will not remain in a voluntary treatment program, his acceptance of voluntary treatment shall not preclude an order pursuant to this section."

Here, the trial court granted petitioner's motion for judgment notwithstanding the verdict because it concluded that the jury erred, as a matter of law, in one question on the special verdict form, in finding that respondent had accepted voluntary treatment and that reasonable grounds did not exist to believe he would not remain in voluntary treatment. The trial court found the evidence to be undisputed that, prior to trial, respondent had refused voluntary treatment and chose instead to contest the matter at trial. It was not until the time of trial that respondent indicated that he wanted to be a voluntary patient, but only in the less restrictive environment of the Fort Logan Mental Health Center, as opposed to his current confinement in the forensic unit of the Colorado State Hospital at Pueblo.

■ We agree with the trial court that the jury's finding was incorrect as a matter of law. The issues before the jury under § 27–10–109(1)(b), C.R.S., are limited to the question whether the professional person in charge of treatment has satisfied the statutory duty of advising the respondent of the availability of voluntary treatment, whether the respondent has accepted or rejected such treatment, and whether reasonable grounds exist to believe that even if such treatment is accepted, the respondent would not remain in voluntary treatment. The evidence was undisputed that the respondent would not accept the voluntary treatment so long as that treatment was at the forensic unit of the Colorado State Hospital. Thus, the trial court did not err in granting petitioner's motion for judgment notwithstanding the verdict. *See Wesley v. United Services Automobile Ass'n*, 694 P.2d 855 (Colo.App.1984).

■ The trial court also properly held that the issue of treatment in the least restrictive environment, *see* § 27–10–116(1)(b), C.R.S., is not a jury issue. Section 27–10–109(4), C.R.S., does not place this issue within the purview of a jury reviewing a long-term certification. Further, as we recently held in *People in Interest of Bailey*, 745 P.2d 280 (Colo.App. 1987), this issue could properly be the subject of a habeas corpus proceeding at which "[t]he court shall proceed in a summary way to settle the facts...." *See* §§ 27–10–116(1)(b), 13–45–102, and 13–45–103(1), C.R.S. We agree with the trial court that respondent's placement at a given facility is a matter of medical judgment, subject to court review.

The order is affirmed.

SMITH and METZGER, JJ., concur.