In the Matter of Arnold **ALPERSTEIN,** deceased, By and Through Rita I. AL-PERSTEIN, Personal Representative of the Estate of Arnold Alperstein, Appellee,

v.

**SHERWOOD INTERNATIONAL, INC., Appellant.**

No. 87CA1287.

Colorado Court of Appeals, Div. I.

Feb. 2, 1989.

Feder, Morris, Tamblyn & Goldstein, P.C., Harold A. Feder, Steven P. Meier and Dorian E. Welch, Denver, for appellee.

Paul G. Goss, P.C., Paul G. Goss and David P. Kozma, Denver, for appellant.

PIERCE, Judge.

Sherwood International, Inc. (Sherwood), appeals the denial by the probate court of its claim against the estate of Arnold Alperstein for a lack of subject matter jurisdiction under § 15–12–803, C.R.S. (1987 Repl.Vol. 6B). We affirm.

Section 15–12–803 provides a four-month period in which all claims against the decedent's estate must be filed. At the time of the filing of its claim, Sherwood was a suspended corporation. It was not reinstated until after the expiration of the four-month period. Section 7–10–109(2), C.R.S. (1986 Repl.Vol. 3A) states that, until a suspended corporation becomes reinstated, it is "inoperative and no longer competent to transact business."

The trial court ruled that Sherwood's filing of its claim constituted a "transaction of business." Therefore, having found the corporation to be incompetent when the claim was filed, the trial court dismissed the claim for lack of subject matter jurisdiction. While we disagree with the court's

conclusion that it did not have subject matter jurisdiction, we affirm the denial of the claim on the basis that Sherwood was barred from filing and having its claim considered.

## I.

Sherwood contends that the filing of a claim in a probate proceeding is not transacting business. We disagree.

Sherwood argues that a corporation's power to sue is a separate enumerated power from that of transacting business under § 7–3–101(1), C.R.S. (1986 Repl. Vol. 3A), and that, because that power is not specifically revoked by § 7–10–109(2), it was the General Assembly's intent to allow a suspended corporation to assert a claim. We reject that argument and hold that, once a corporation is suspended, § 7–10–109, C.R.S. (1986 Repl. Vol. 3Z) operates to limit the powers of a suspended corporation to those acts delineated in §§ 7–10–109(2), 7–10–109(3) and 7–10–109(4), C.R.S. (1986 Repl.Vol. 3A). *See Graham, Inc. v. Mountain States Telephone & Telegraph Co.*, 680 P.2d 1334 (Colo.App.1984). The power to sue is not included. Therefore, we hold that a suspended corporation does not have the power to file and pursue a claim against an estate.

## II.

Sherwood next contends that, even if it was without competence to file the claim when it did, its subsequent reinstatement validated that act. We disagree.

It is true that a reinstated corporation is regarded as having had a continuous existence, and therefore, reinstatement generally renders valid acts done while it was on suspension. *Dominion Oil Co. v. Lamb*, 119 Colo. 62, 201 P.2d 372 (1948).

However, § 15–12–803 is a non-claim statute which provides an absolute bar to claims which are not timely filed.

"A non-claim statute operates to deprive a court of jurisdiction. Personal representatives of an estate can neither waive

it nor toll it.... A non-claim statute imposes a condition precedent to the enforcement of a right of action; that is to say, the action must be presented within the time set in the notice to creditors or be *barred.*" *In re Estate of Randall v. Colorado State Hospital,* 166 Colo. 1, 441 P.2d 153 (1968).

As Sherwood failed to file a claim that could be considered within the prescribed period, the trial court was not permitted to consider the claim. To interpret the statute otherwise would be inconsistent with its purpose which is to provide for a speedy and efficient distribution of the estate. Section 15–10–102(2)(c), C.R.S. (1987 Repl. Vol. 6B). That purpose would be defeated if personal representatives were forced to delay closing estates for prolonged periods because someone or some entity prohibited from making a claim might at some distant date make themselves eligible.

JUDGMENT AFFIRMED.

HUME and MARQUEZ, JJ., concur.