**David E. HARMAN, as Personal Representative of the Estate of Thomas M. McMullen, and Trustee of the McMullen Family Trust, and McMullen & Yee Publishing, Inc., a California corporation, Plaintiffs–Appellants,**

v.

**Kerry Steven STILLWELL, a/k/a Steve Stillwell, Defendant–Appellee.**

No. 96CA1152.

Colorado Court of Appeals,
Div. I.

Aug. 7, 1997.

Vinton Nissler Allen & Vellone, P.C., Kevin D. Allen, Paul W. Scott, Denver, for Plaintiffs–Appellants David E. Harman, as Personal Representative of the Estate of Thomas M. McMullen and Trustee of the McMullen Family Trust, and McMullen & Yee Publishing, Inc.

Gartenberg Jaffe Gelfand & Stein, LLP, Edward Gartenberg, Los Angeles, CA, for Plaintiff–Appellant McMullen & Yee Publishing, Inc.

Catanzarite Law Corporation, Kenneth J. Catanzarite, Jim Travis Tice, Anaheim, CA; McDermott Law Firm, John A. McDermott, Jolene L. DeVries, Canon City, for Defendant–Appellee.

Opinion by Judge CRISWELL.

Plaintiffs, David E. Harman, as personal representative of the estate of Thomas M. McMullen (decedent) and as the trustee of the McMullen family trust (the trust), and McMullen & Yee Publishing, Inc. (the com-

pany), a California corporation, instituted this action against defendant, Kerry Steven Stillwell, who is a California resident and who is employed by the company in that state. Their complaint sought review of a claim filed by defendant against decedent's estate in the probate court of Chaffee County, Colorado, and a judicial declaration that the company is not liable to defendant on a claim previously asserted by him against it in a California court. The district court noted that there then was no pending controversy between defendant and any Colorado resident and dismissed plaintiffs' complaint for lack of personal jurisdiction over defendant. Plaintiffs appeal from that judgment of dismissal, and we affirm.

The facts pertinent to resolution of the jurisdictional issue are virtually undisputed.

The decedent, a Colorado resident, was the principal stockholder in the company at the time of his death. A proceeding for administration of his estate was opened in the Chaffee County district court.

Defendant had been employed by the company, left its employ, and then later returned. He alleged that an employment agreement that had been in effect during his first term of employment became effective again upon his re-employment. This agreement, according to defendant, obligated the decedent, the company, or both, to pay him an amount equal to 10% of the company's net worth if the company were sold, or in the case of decedent's death.

Shortly after decedent's death, the company was sold, pursuant to negotiations commenced before his death, for a price in excess of $50 million. Based on this sale, defendant filed a claim in decedent's estate proceeding in Chaffee County, and six days later, he commenced litigation in the California courts against the decedent's personal representative, the trust, and the company, seeking recovery of some $6 million.

After this California litigation was commenced, the personal representative disallowed defendant's claim in the probate court, and defendant did not take any action to contest that disallowance. See § 15–12–806(1), C.R.S. (1987 Repl.Vol. 6B) (in case of

disallowance of claim, creditor must petition probate court for allowance or commence separate proceeding within 60 days of notice of disallowance).

Nevertheless, the personal representative, in his capacity as such and as trustee of the trust, joined by the company, brought this separate action to obtain the relief described above. Defendant was personally served with process in California.

Thereafter, defendant withdrew the claim he had filed in the estate proceeding, and he dismissed, without prejudice, the claims asserted against the personal representative and the trust in the California litigation. Hence, at the time that the trial court dismissed plaintiffs' complaint in this action, the only claim being asserted by defendant was his claim against the company, which was contained within the complaint filed by him in the courts of California.

Noting these circumstances, the trial court dismissed plaintiffs' complaint for lack of personal jurisdiction over defendant. Plaintiffs contend that this was error. We disagree.

■ Whether a court can properly assert personal jurisdiction over a party is a question of law. *People in Interest of Bailey,* 745 P.2d 280 (Colo.App.1987). Accordingly, given the undisputed facts here, the decision of the district court must be reviewed *de novo.* See *Evans v. Romer,* 854 P.2d 1270 (Colo. 1993), *aff'd on other grounds,* —— U.S. ——, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996).

■ In determining whether jurisdiction can properly be asserted over a non-resident who has been served outside this state, a two-step analysis is required. First, the court must determine whether the state has authorized the assertion of jurisdiction in the circumstances disclosed; if not, there is no basis for the litigation to proceed. However, if a statute purports to authorize the assertion of jurisdiction under the circumstances, the court must then determine whether the assertion of such jurisdiction would comport with the due process requirements of the Fourteenth Amendment. *Classic Auto Sales, Inc. v. Schocket,* 832 P.2d 233 (Colo. 1992).

Here, the only basis for the allegation that the state has authorized the assertion of jurisdiction over defendant and has approved the out-of-state service of process upon him is the Colorado "long-arm" statute, § 13–1–124(1), C.R.S. (1996 Cum.Supp.). That statute describes some seven different actions which, if engaged in by any person, subjects that person to the jurisdiction of the Colorado courts "concerning any cause of action arising from" such actions. If any of these circumstances exist, then the statute authorizes out-of-state service of process upon that person.

The only basis upon which it is claimed that the long-arm statute applies here is the contention that defendant engaged in "[t]he transaction of any business within this state," as described in § 13–1–124(1). Plaintiffs assert that defendant's filing of a creditor's claim in the decedent's estate constituted "the transaction of ... business" for purposes of this statute and that their claims for declaratory judgment arose from this action. In our view, neither assertion is correct.

■ We first note that the situation of the parties here differs substantially from that of the parties in either *T.L. Smith Co. v. District Court*, 163 Colo. 444, 431 P.2d 454 (1967) or *Fagerberg v. Webb*, 678 P.2d 544 (Colo. App.1983). In each of those cases, a defendant over whom jurisdiction was asserted under the "transaction of any business" provision of the long-arm statute filed permissive counterclaims and cross-claims against other parties to the litigation. Thereafter, one or more of those other parties filed additional claims against the defendant, none of which arose from the transaction that was the basis for the court's initial assertion of jurisdiction over it. Nevertheless, the courts held that the defendants, by filing claims in the litigation that they were *not required* to file, *i.e.*, permissive counterclaims and cross-claims, had subjected themselves to the jurisdiction of the court for all purposes.

Here, in contrast, the only claim filed by defendant was one that he was required to file by virtue of the probate code's nonclaim statute. *See* §§ 15–12–803 and 15–12–804, C.R.S. (1996 Cum.Supp.); *Alperstein v. Sherwood International, Inc.*, 778 P.2d 279 (Colo.

App.1989) (probate code constitutes absolute bar to any claim not presented as required). Hence, defendant's action here in filing such a claim against the personal representative was not voluntary in the same sense that the defendants' filing of permissive counterclaims and cross-claims in *T.L. Smith* and *Fagerberg* was voluntary.

Further, the defendant in both *T.L. Smith* and *Fagerberg* was found to have submitted itself to the jurisdiction of the court only for purposes of the same proceeding in which it had asserted its permissive claims and only for the purpose of allowing parties to that litigation to assert claims against it. In the case at bar, however, plaintiffs instituted a separate declaratory judgment action. Moreover, at the time of the trial court's judgment of dismissal, there was no longer any claim against the personal representative pending in the probate court that the trial court could review under § 15–12–806(2), C.R.S. (1987 Repl.Vol. 6B). And, defendant had not asserted any claim in any court in this state against either the trust or the company.

Hence, to hold that the trial court had personal jurisdiction over defendant here, based on the consideration that he had submitted himself to its jurisdiction, we would have to conclude that, by filing a claim required by Colorado law to be filed, a non-resident submits to the jurisdiction of the court in entirely separate proceedings to litigate claims asserted by strangers to the original action. This we decline to do.

■ We likewise conclude that the long-arm statute did not authorize the assertion of claims in these proceedings against defendant by either the trust or the company.

As noted, plaintiffs rely solely upon the "transacting business" provision of the long-arm statute to sustain the exercise of the trial court's jurisdiction over defendant under that statute. And, in doing so, they rely primarily upon *Alperstein v. Sherwood International, Inc., supra*. We conclude that such reliance is misplaced.

The *Alperstein* case presented the question whether a corporation, suspended for failure to file the necessary annual reports or

to pay the required fees, was competent to file a claim against a decedent's estate. The pertinent statute, § 7–10–109, C.R.S. (1986 Repl.Vol. 3A) (repealed by Colo. Sess. Laws 1993, ch. 191, § 7–10–114 at 866), provided that a suspended corporation "shall be inoperative and no longer competent to transact business in this state." The trial court ruled that the filing of a claim in an estate constituted the transaction of business; it dismissed the claim filed by the suspended corporation.

On appeal, however, the corporation argued that, because the right to sue was a power granted separately from the power to transact business, *see* §§ 7–3–101(1)(b) and (n), C.R.S. (1986 Repl.Vol. 3A) (repealed by Colo. Sess. Laws 1993, ch. 191, § 7–2–119 at 866), the General Assembly had not intended to prevent a suspended corporation from engaging in litigation. The division rejected this argument. But, in doing so, it did *not* conclude that the filing of a claim constituted the transaction of business.

Rather, it held that, upon suspension, a corporation is incompetent to exercise *any* power previously granted to it, except those specifically described in the suspension statute itself, § 7–10–109, and that, the power to sue not being one thus described, a suspended corporation is incompetent to file a claim. Hence, the *Alperstein* holding is, in our view, not relevant to any issue presented here.

■ There are no prior Colorado decisions upon the issue whether the participation in litigation by a non-resident constitutes the transaction of business so as to allow the assertion of jurisdiction over such non-resident in other proceedings. The few decisions from other jurisdictions upon the point support the conclusion that the commencement and maintenance of a lawsuit do not constitute transacting business for the purpose of a long-arm or similar jurisdictional statute.

In *Ohio Casualty Insurance Co. v. First National Bank*, 425 P.2d 934 (Okla.1967), for example, a non-resident widow had brought a wrongful death action against the owner and pilot of an aircraft with which her husband's aircraft had collided, and she settled that claim by accepting a monetary payment from them. Thereafter, the casualty insurer of the husband's aircraft was sued by the bank holding the mortgage upon the same to collect the proceeds from the policy to apply against the debt secured by the mortgage. Claiming that the non-resident widow had transacted business in Oklahoma by commencing and settling her wrongful death claim in which she had allegedly recovered the value of the destroyed aircraft, the insurer sought to assert a third-party claim against her. In affirming the trial court's conclusion that it lacked personal jurisdiction over the widow, the Oklahoma Supreme Court held that she had not engaged in the transaction of any business by filing or prosecuting the former suit.

To similar effect is *Collar v. Peninsular Gas Co.*, 295 S.W.2d 88 (Mo.1956), in which it was held that a non-resident plaintiff, who was unsuccessful in prosecuting a civil claim in a Missouri court, could not later be sued in separate proceedings in the Missouri courts for malicious prosecution. The court held that the commencement and maintenance of the prior suit did not constitute "doing business" in Missouri under that state's jurisdictional statute. It should be noted that, at the time of this decision, the pertinent statute made no reference, as does the Colorado long-arm statute, to "tortious conduct" within the state. *See also Iola State Bank v. Kissee*, 363 P.2d 368 (Okla.1961) (institution and prosecution of litigation in state does not constitute doing business under statute requiring foreign corporations to register with state).

We conclude, therefore, that defendant's filing of a claim in decedent's estate did not constitute the transaction of business by him under Colorado's long-arm statute.

■ Further, in any event, the claims asserted by the trust and the company did not arise from this "transaction." Both these two plaintiffs' claims, as well as defendant's claim against them, arose from the company's employment of defendant and its agreement upon the terms of his employment (whatever those terms may have been). None of these claims were affected by defendant's filing of a creditor's claim in dece-

dent's estate; all existed, if at all, prior to the filing of such a claim, and none were either enhanced or precluded by that filing. None of the claims at issue, therefore, can be said to have arisen from that later filing. *See Collar v. Peninsular Gas Co., supra* (claim for malicious prosecution arose from institution and maintenance of prior action, not from the events upon which the prior action was predicated).

Finally, because we conclude that the action of defendant here was not one for which the long-arm statute would provide a basis for the assertion of this state's jurisdiction over him, we have no occasion to consider whether the assertion of jurisdiction in these circumstances would be consistent with the due process clause of the Fourteenth Amendment.

We agree with the trial court that it lacked jurisdiction over the person of defendant and that plaintiffs' complaint was required to be dismissed.

Judgment affirmed.

METZGER and MARQUEZ, JJ., concur.