Roy T. PIERCE, Plaintiff-Appellant,

v.

The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a corporation, Defendant-Appellee.

No. 84CA1466.

Colorado Court of Appeals, Div. I.

Oct. 24, 1985.

Harshman, Deister, Larson & McBee, Donald L. McBee, Grand Junction, for plaintiff-appellant.

Kathleen M. Snead, Denver, for defendant-appellee.

ENOCH, Chief Judge.

Plaintiff, Roy T. Pierce, appeals from a summary judgment entered against him and the dismissal of his complaint with prejudice. We affirm.

Pierce was injured in a train accident in Glenwood Springs, Colorado, while employed by defendant, the Denver and Rio Grande Western Railroad Company (D & RG). Shortly after this accident, Pierce was involved in a second railroad accident in Dotsero, Colorado.

Pierce subsequently filed an action for injuries sustained in the Glenwood Springs accident in the federal district court under the Federal Employers' Liability Act and the Federal Safety Appliance Act. Judgment was rendered for Pierce; however, he was precluded from raising any claims for intentional infliction of emotional distress by outrageous conduct.

The following year D & RG conducted an investigation into Pierce's absenteeism, insubordination, and involvement in a business enterprise. As a result of the investigation, Pierce was discharged, and the Public Law Board upheld his dismissal.

Pierce then filed this action claiming that D & RG, through its agents, had "engaged in a continuing course of extreme and outrageous conduct ... the intent ... and proximate result of which [was] to cause plaintiff to suffer severe emotional distress...." D & RG filed an answer and a motion for summary judgment which the trial court granted.

The actions of defendant alleged by Pierce to be outrageous conduct are as follows: After the Dotsero accident, Pierce was not relieved from his duties and taken to the hospital until several hours later, although he repeatedly requested such relief; while recovering from his injuries, Pierce was required to attend an investigatory hearing and was given only one and one-half hours' notice to appear; despite his repeated requests for a copy of the hearing transcript, D & RG did not provide him with a copy; D & RG officials threatened to "get Mr. Pierce's job."

Based on these allegations, the trial court concluded as a matter of law that the Railway Labor Act, 45 U.S.C. § 151, et seq., preempted Pierce's state law claims of intentional infliction of emotional distress and that it was therefore without subject matter jurisdiction to hear Pierce's suit.

■ The determinative issue in this case is whether Pierce's state law tort claim of intentional infliction of emotional distress by outrageous conduct is preempted by the Railway Labor Act, which compels a railroad and its employees to arbitrate minor disputes before the National Railroad Adjustment Board (N.R.A.B.). This federal administrative remedy is exclusive. *Andrews v. Louisville & Nashville R.R.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). Because we find that Pierce's claims do not, as a matter of law, allege conduct sufficiently outrageous to fall within any exception to the exclusive federal remedy provided by the Railway Labor Act, we affirm the summary judgment for D & RG.

The Supreme Court, in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), has held that federal law preempts and protects activities prohibited or "arguably protected" by the National Labor Relations Act (N.L.R.A.), 29 U.S.C. § 151, et seq. Al-

though *Garmon* pertains to the N.L.R.A. rather than the Railway Labor Act, courts often look to cases which discuss the N.L.R.A. for assistance in interpreting the provisions of the Railway Labor Act. *Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co.*, 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969). Accordingly, subject matter jurisdiction of Pierce's claim would appear to lie exclusively with the N.R.A.B. Pierce, however, contends that his claim for intentional infliction of emotional distress falls within an exception to the preemption doctrine articulated by the Supreme Court in *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). We disagree.

■ The *Farmer* exception provides for concurrent state and federal jurisdiction in cases in which the alleged conduct is so outrageous that "no reasonable man in a civilized society should be expected to endure it." Here, the conduct alleged by Pierce is not sufficiently outrageous to invoke the *Farmer* exception. *See Meuser v. Rocky Mountain Hospital*, 685 P.2d 776 (Colo.App.1984). Mere threats of discharge and the suffering that necessarily accompanies it are not sufficiently substantial to confer concurrent jurisdiction. *Farmer, supra.* Pierce claimed no threats of bodily harm nor violent activity by D & RG. He is merely seeking recovery for his discharge, the propriety of which is within the exclusive jurisdiction of the N.R.A.B. *See Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699 (10th Cir.1982); *see also Meuser, supra.*

Therefore, we hold that Pierce's state law tort claim for intentional infliction of emotional distress is preempted by the Railway Labor Act, and the trial court was correct in granting D & RG's motion for summary judgment.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.