**Tom HANSEN, Plaintiff-Appellant,**

v.

**Richard HANSEN, Defendant,**

**and**

**Shirley Hansen, Defendant-Appellee.**

**No. 79CA0419.**

Colorado Court of Appeals,
Div. II.

Dec. 28, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Denied March 24, 1980.

Taussig & Flowers, P. C., John G. Taussig, Jr., Boulder, for plaintiff-appellant.

Martin, Brauchli & Jevons, E. Gregory Martin, Barre M. Sakol, Boulder, for defendant-appellee.

PIERCE, Judge.

Plaintiff appeals a summary judgment dismissing his complaint against his mother for willful and wanton negligence and the intentional infliction of emotional distress by extreme and outrageous conduct. We affirm.

Plaintiff lived with his parents until he quit school in the 10th grade. Approximately two years prior to that time plaintiff had been suspended from school for smoking and selling marijuana. As punishment for being suspended, he was required by his parents to cut weeds in their backyard. Plaintiff was also allegedly struck on the ear by his father during an altercation over plaintiff's use of marijuana. After quitting school in the tenth grade, plaintiff was subsequently sent to a private school in Italy, where he remained for three months before being expelled. Thereafter, he resided with his parents only for short periods, and his parents conditioned any further continuing support on his either attending school or seeking employment.

Plaintiff brought action against defendant claiming that her actions on these and other occasions constituted willful and wanton neglect of plaintiff's need for food, clothing, shelter, and psychological support; that defendant's actions were done with callous disregard for plaintiff's fragile psychological condition; and that defendant knew or should have know that her conduct was likely to cause severe emotional harm to plaintiff. Plaintiff asserted that as a result of defendant's actions he suffered severe mental distress, anguish, and irreparable harm to his mental health; that he will require psychiatric care for the remainder of his life; and that he has suffered physical damage from malnutrition. Although these allegations were also made against the father, service was never obtained upon him.

Plaintiff contends the trial court erred in dismissing his claims because there remain genuine issues of fact as to defendant's conduct and state of mind, and because conflicting inferences can be drawn about defendant's state of mind from the facts before the court.

To prevail on a claim of extreme and outrageous conduct, plaintiff must prove that defendant intentionally and recklessly caused plaintiff's severe emotion-

al distress. Such conduct must be proven to be so outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970). To prevail on his claim of willful and wanton conduct, plaintiff must prove that defendant voluntarily, intentionally, and purposefully disregarded his rights, feelings, and safety; and that her conduct was consciously heedless and reckless. *Reaves v. Horton*, 33 Colo.App. 186, 518 P.2d 1380 (1973), *aff'd in part and rev'd in part*, 186 Colo. 149, 526 P.2d 304 (1974).

■ Our review of the record in this case supports the trial court's conclusion that the pleadings, affidavits, and depositions disclose no genuine issue as to any material fact, and that reasonable men could not differ on the conclusions to be drawn from the facts. Defendant is therefore entitled to a judgment as a matter of law. *Abrahamsen v. Mountain States Telephone & Telegraph Corp.*, 177 Colo. 422, 494 P.2d 1287 (1972).

Judgment affirmed.

RULAND and BERMAN, JJ., concur.