Christiane A. ZALNIS,
Plaintiff-Appellant,

v.

THOROUGHBRED DATSUN CAR COM-
PANY, an Oklahoma corporation, for-
merly known as Platte Avenue Datsun,
Inc., an Oklahoma corporation, and C. S.
Trosper and Marc Anthony, individually,
Defendants-Appellees,

and

Thoroughbred Car Company, a Colorado
corporation, Defendant.

No. 81CA0203.

Colorado Court of Appeals,
Div. II.

Feb. 18, 1982.

Rehearing Denied March 11, 1982.

Simons & Iuppa, Barney Iuppa, Jr., Colorado Springs, for plaintiff-appellant.

Rector, Retherford, Mullen & Johnson, L. Dan Rector, Spurgeon, Haney & Howbert, W. Allen Spurgeon, Bruce L. Craig, Robert B. Murray, Robert D. Gustafson, Colorado Springs, for defendants-appellees.

KELLY, Judge.

Plaintiff, Christiane Zalnis, appeals the partial summary judgment dismissing her outrageous conduct claim against defendants. We reverse.

The following facts appear from viewing the record in a light most favorable to the plaintiff. *Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972). In January 1978, Zalnis contracted with defendant Thoroughbred Datsun for the purchase of a 1978 Datsun automobile. She took possession of the car on that day, and paid the balance of the purchase price two days later. Zalnis dealt directly with Linnie Cade, a salesperson employed by Thoroughbred Datsun. Defendant Trosper, President of Thoroughbred Datsun, approved the transaction based on representations by Cade which were later determined to be based upon erroneous calculations. When Trosper discovered several days later that Cade had sold the car at a loss of approximately

$1,000, he instructed Cade and the sales manager to make good the loss by either demanding more money from Zalnis, retrieving the car, or repaying the difference out of Cade's salary.

Cade refused to follow any of Trosper's alternative instructions, but another sales employee, defendant Anthony, telephoned Zalnis and told her to return her car to the dealership because it was being recalled. When Zalnis arrived at Thoroughbred Datsun, she refused to give up possession of her car without a work order explaining the need for the recall. Nevertheless, her car was taken from her. During the next few hours, Zalnis alleges that Anthony called her a "French whore," followed her throughout the showroom, told her they were keeping her automobile, yelled, screamed, used abusive language, grabbed her by the arm in a threatening manner, and continually threatened and intimidated her when she attempted to secure the return of her automobile by telling her to "shut up."

During this period, Zalnis telephoned her attorney, who then telephoned Trosper and eventually obtained the return of her car. During their conversation, Trosper told the attorney that Zalnis had "been sleeping with that nigger salesman and that's the only reason she got the deal she got." Trosper had known Zalnis for many years, and had told Cade and the sales manager that she was crazy and she had watched her husband kill himself.

In her complaint, Zalnis made separate claims for outrageous conduct and for slander per se. Thoroughbred Datsun and Trosper moved for partial summary judgment on the outrageous conduct claim. The trial court granted the motion, determining that, although the conduct was "almost shocking to the conscience and person of anyone observing that behavior," it did not amount to outrageous conduct under Colorado precedent.

In *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970), the Supreme Court recognized the tort of outrageous conduct

and adopted the definition set forth in the *Restatement (Second) of Torts* § 46: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Although the question whether conduct is sufficiently outrageous is ordinarily a question for the jury, the court must determine in the first instance whether reasonable persons could differ on the outrageousness issue. *Meiter v. Cavanaugh*, 40 Colo.App. 454, 580 P.2d 399 (1978); *Restatement (Second) of Torts* § 46, Comment h. The trial court's conclusion of law is not binding on this court. *Sunshine v. M. R. Mansfield Realty, Inc.*, 195 Colo. 95, 575 P.2d 847 (1978).

The defendants argue that their actions here were no more than "mere insults, indignities, threats, annoyances, petty oppressions, and other trivialities." *Restatement (Second) of Torts* § 46, Comment d. However, the defendants did not merely threaten and insult Zalnis; they took away her car and repeatedly harassed her. Conduct, otherwise permissible, may become extreme and outrageous if it is an abuse by the actor of a position in which he has actual or apparent authority over the other, or the power to affect the other's interests. *Restatement (Second) of Torts* § 46, Comment e; *see, e.g., Rugg v. McCarty, supra.*

The conduct here is not a mere insistence on rights in a permissible manner. *See Restatement (Second) of Torts* § 46, Comment g. Rather, the defendants' recall of the car was to avoid a bad bargain, and accordingly, the conduct was not privileged. *Meiter, supra; see Enright v. Groves*, 39 Colo.App. 39, 560 P.2d 851 (1977).

Defendants assert that their actions must be judged by the impact they would have on an ordinary person with ordinary sensibilities. We disagree. The outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress by reason of some physical or mental condition or peculiarity. *Restatement (Second) of Torts* § 46, Comment f. In *Enright, supra*, outrageous conduct was found where a police officer effecting an illegal arrest grabbed and twisted the plaintiff's arm even after she told him her arm was easily dislocated. In the instant case, plaintiff was peculiarly susceptible to emotional distress because she had witnessed her husband's suicide, and Trosper and Anthony knew about her susceptibility. Here, as in *Enright*, the defendants' knowledge exacerbated the conduct.

There is outrageous conduct where the actor desires to inflict severe emotional distress or knows that such distress is certain or substantially certain. *Restatement (Second) of Torts* § 46, Comment i; *Hansen v. Hansen*, 43 Colo.App. 525, 608 P.2d 364 (1980). Here, Zalnis has sufficiently alleged that Trosper and Anthony acted with the intent to bully her into giving up her car. In view of their knowledge of her emotional susceptibility, they could be considered to have acted intentionally or recklessly in causing her severe emotional distress.

The defendants argue that we should observe a distinction between a single outrageous occurrence and an outrageous course of conduct. While it is true that "the courts are more likely to find outrageous conduct in a series of incidents or a 'course of conduct' than in a single incident," it is the totality of conduct that must be evaluated to determine whether outrageous conduct has occurred. *See Colo. J.I.* 23:2 at 195 (2d ed. 1980). Our evaluation of the totality of the conduct leads to the conclusion that reasonable persons could differ on the question whether there was outrageous conduct, and thus, summary judgment was improper.

The trial court's alternative basis for granting defendants' motion was erroneous. *Meiter, supra.*

The judgment is reversed and the cause is remanded for further proceedings.

VAN CISE and TURSI, JJ., concur.