Ivan G. **WIDDIFIELD,** Plaintiff-Appellant and Cross-Appellee,

v.

**ROBERTSHAW CONTROLS COMPANY,** Defendant-Appellee and Cross-Appellant.

No. 81CA0076.

Colorado Court of Appeals, Div. III.

April 21, 1983.

Rehearing Denied May 19, 1983.

Certiorari Denied Oct. 31, 1983.

Lutz & Berkowitz, P.C., Stephen N. Berkowitz, Stephen H. Diamond, Denver, for plaintiff-appellant and cross-appellee.

Davis, Graham & Stubbs, Richard P. Holme, David K. Isom, Denver, for defendant-appellee and cross-appellant.

BERMAN, Judge.

Plaintiff, Ivan G. Widdifield, appeals a judgment notwithstanding the verdict wherein the trial court found that, although he was entitled to actual damages of $10,-000, he was not entitled to exemplary damages on his tort of outrageous conduct claim. Defendant, Robertshaw Controls Company, cross-appeals, claiming that the trial court erred in submitting the issue of outrageous conduct to the jury. We reverse.

In early May 1979, Widdifield was dissatisfied with the opportunities available with his current employer and responded to a newspaper advertisement placed by Robertshaw in a Denver newspaper. The advertisement characterized Robertshaw as an "expanding national company" and stated that Robertshaw was seeking a salesperson for maintenance agreements on temperature control and automation systems. After two interviews, Widdifield was offered the job on May 31 to begin June 15. This contract was terminable at will by either party. At this time, the national management of Robertshaw had begun to consider closing one or more branches but Denver had not yet been chosen as one of those branches. The evidence reflects that the final decision to close the Denver branch was not made until June 25, and that, at the time Widdifield was hired, no one in the Denver branch had knowledge that any branches were to be closed.

After Widdifield had worked for Robertshaw for 10 days, the Denver branch of the company was shut down by the division head because of "economic necessity." Widdifield was dismissed on June 25, along with the other employees of the Denver branch. He received two weeks' severance pay. Widdifield requested and was given a letter to be used in seeking another job which stated that "[h]is termination was in total the results of a corporate reduction in overhead and in no way reflects on Ivan [Widdifield] as an employee or a person."

Widdifield sued Robertshaw for breach of contract and for the tort of outrageous conduct. The jury found against Widdifield on the breach of contract claim. However, on the outrageous conduct claim, the jury awarded $10,000 in compensatory and $40,000 in exemplary damages. Upon Robertshaw's motion for judgment notwithstanding the verdict, the trial court set aside the exemplary damages award.

Widdifield appeals the judgment notwithstanding the verdict arguing that the bases for that judgment were improper. However, we do not reach the issues raised in Widdifield's appeal because we concur with the argument raised in Robertshaw's cross-appeal, i.e., that the trial court should not have allowed the issue to go to the jury.

The tort of outrageous conduct was first adopted in this state by our Supreme Court in *Rugg v. McCarthy,* 173 Colo. 170, 476 P.2d 753 (1970). The *Rugg* decision limits the boundaries of outrageous conduct to acts which are:

"so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded

as atrocious, and utterly intolerable in a civilized community."

Since *Rugg,* this court has applied the above test to the following cases and concluded that the conduct was sufficiently atrocious to constitute the tort of outrageous conduct. *Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399 (1978) (belligerent refusal to vacate premises owned by elderly widow, calling attention to her bandages and labeling her a "sick old woman" while intimating that it would do her no good to go to court because, as a lawyer, he would have special influence held outrageous); *DeCicco v. Trinidad Area Health Ass'n,* 40 Colo.App. 63, 573 P.2d 559 (1977) (reluctance to provide an ambulance to dying woman held outrageous); *Enright v. Groves,* 39 Colo.App. 39, 560 P.2d 851 (1977) (conduct of police officer held outrageous where, in arresting plaintiff, he threw her to the ground and hand-cuffed her, in front of her young son, for an alleged dog leash ordinance violation).

Although the determination of outrageous conduct is one for the jury "[i]t is for the trial court to determine, in the first instance, whether reasonable [persons] could differ as to the outrageousness issue." *First National Bank v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980). In a number of cases this court has held that reasonable persons could not differ as to the lack of outrageous conduct. *First National Bank v. Collins, supra* (false advertising as to sales and profit history given to plaintiff which he relied on in purchase of business not outrageous); *Dorr v. Johnson,* 660 P.2d 517 (Colo.App.1983) (after employee had on-the-job truck accident employer converted employee's property left in truck, did not provide transportation for employee's ride home from the hospital, filed an accident report containing libelous statements concerning employee's driving, and delayed employee's compensation by filing late with the Workmen's Compensation division: held not "so extreme and outrageous" as to permit recovery).

We conclude that Robertshaw's conduct in this case was more akin to that examined in the latter series of cases wherein it was held that reasonable persons could not conclude that the conduct was "beyond all possible bounds of decency" and "atrocious and utterly intolerable in a civilized community." *Rugg v. McCarthy, supra.* When Widdifield was hired, Robertshaw did not yet know that the Denver branch of its company was to be closed. Moreover, there is nothing in the record to indicate that Widdifield's hiring and firing was accompanied by any malice. To the contrary, he was treated with courtesy. Thus, we hold that the trial court erred in submitting the issue of outrageous conduct to the jury.

The judgment is reversed and the cause is remanded for vacation of the judgment and dismissal of the complaint.

VAN CISE and KELLY, JJ., concur.