**Joseph A. MARI, Plaintiff-Appellant and Cross-Appellee,**

v.

**WAGNER EQUIPMENT COMPANY, INC. a Colorado corporation, Defendant-Appellee and Cross-Appellant.**

**No. 84CA0242.**

Colorado Court of Appeals, Div. I.

March 6, 1986.

Rehearing Denied (Wagner) April 10, 1986.

Rehearing Denied (Mari) April 17, 1986.

Certiorari Denied July 7, 1986.

Jack Kintzele, Paula Tyo Englander, Denver, for plaintiff-appellant and cross-appellee.

Joseph H. Miller, Jr., Sterling, for defendant-appellee and cross-appellant.

PIERCE, Judge.

In this action for conversion, exemplary damages, and outrageous conduct, the plaintiff, Joseph A. Mari, appeals from the trial court's entry of judgment notwithstanding the verdict setting aside the jury's award of exemplary damages on his claim for conversion, and from the trial court's dismissal of his claim for outrageous conduct. The defendant, Wagner Equipment Company, Inc., cross-appeals, arguing that the trial court erred in failing to dismiss plaintiff's claim for conversion and in improperly instructing the jury as to conversion. We affirm in part, reverse in part, and remand for reinstatement of the jury's verdict as to exemplary damages.

The evidence shows that plaintiff is the owner of a construction business in Sterling, Colorado. In 1980, he was developing an industrial park near Sterling, and in that process he used a piece of heavy equipment known as a scraper to move earth. Defendant is a heavy equipment dealer and has a repair shop in Sterling.

In August 1980, the transmission in plaintiff's old scraper (Scraper # 1) went out, and defendant's repair shop in Sterling advised plaintiff that he needed to get a rebuilt transmission. Defendant quoted plaintiff a price of $8,800 for this repair, and the defective transmission was taken out and exchanged for a rebuilt transmission, which was then installed in the scraper.

About a month later, plaintiff received a bill for $25,833.22 from defendant for the transmission repair. Plaintiff was displeased upon receiving this bill and went to defendant's office in Denver to inquire as to the reasonableness of the bill. Defendant's sales manager in Denver offered to reduce the transmission repair bill back to $8,800 if plaintiff would buy a new scraper.

On October 17, 1980, plaintiff entered into a sales contract with defendant for the purchase of a new scraper for $251,935,

F.O.B. Sterling, less an amount for the trade-in of Scraper #1. On Friday, October 24, 1980, defendant delivered a new scraper (Scraper #2) to plaintiff's jobsite near Sterling and picked up the trade-in Scraper #1.

On Monday, October 27, 1980, while plaintiff was out of town for the day, plaintiff's wife received a phone call from defendant's Denver office, advising her that defendant had delivered the wrong scraper and that defendant would be coming to Sterling that day to pick up Scraper #2 and to replace it with another scraper. Later that day defendant delivered another scraper (Scraper #3) to plaintiff's jobsite near Sterling and picked up Scraper #2. Plaintiff's wife was unable to contact plaintiff about these events until he returned home that evening.

Plaintiff presented evidence showing that Scraper #3 had a number of defects and was inferior to Scraper #2, and defendant admitted that Scraper #2 cost $6,000 more than Scraper #3. Plaintiff refused to accept Scraper #3, and shortly after its delivery, he told defendant either to return Scraper #2, to deliver yet another new scraper, or to bring back his old Scraper #1. Defendant refused to return Scraper #2 or to deliver another new scraper, but picked up Scraper #3. Plaintiff's evidence showed that defendant eventually returned his old Scraper #1, but only following a delay of several days after Scraper #3 was picked up, and that Scraper #1 was returned in damaged condition. The delayed return and repairs necessary on Scraper #1 caused plaintiff to be without the use of any scraper for 18½ days.

The trial court dismissed plaintiff's claim for outrageous conduct at the close of plaintiff's case, but allowed plaintiff's claims for conversion and exemplary damages as to conversion to go to the jury. Defendant's proposed instruction as to the definition of conversion was rejected by the trial court. The jury returned a verdict in favor of plaintiff on the conversion claim and awarded $32,397.50 in actual damages and $25,000 in exemplary damages. The trial court subsequently entered judgment notwithstanding the verdict in favor of defendant on the issue of exemplary damages for the conversion, and denied the parties' post-trial motions in all other respects.

## I.

■ Defendant contends that the trial court erred in failing to dismiss plaintiff's claim for conversion of Scraper #2. Defendant's principal argument is that there was no evidence that plaintiff ever had any title or ownership interest in Scraper #2, so that defendant could not be liable for conversion in taking back Scraper #2 when it exchanged Scraper #3 for Scraper #2. We disagree.

Conversion is defined as any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another. *Byron v. York Investment Co.,* 133 Colo. 418, 296 P.2d 742 (1956); *Glenn Arms Associates v. Century Mortgage & Investment Corp.,* 680 P.2d 1315 (Colo.App.1984). Under § 4–2–401(2), C.R.S., unless otherwise explicitly agreed by the parties, title to goods in a sales contract passes from the seller to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods.

Here, the October 17th sales contract between the parties specified that defendant was to deliver a new scraper to plaintiff's jobsite near Sterling, but it did not identify any specific scraper by serial number as the subject of the contract, and it did not contain any provision as to the passing of title. Because defendant actually delivered Scraper #2 to plaintiff's jobsite near Sterling on October 24th, the jury could find that title to Scraper #2 passed to plaintiff at that time. *See* § 4–2–401(2), C.R.S. Thus, there was sufficient evidence that Scraper #2 belonged to plaintiff pursuant to a completed sale and delivery to support plaintiff's claim for conversion of Scraper #2 by defendant's unauthorized exchange of scrapers. Accordingly, the trial court properly submitted this issue to

the jury. *See Rosen Novak Auto Co. v. Hartog,* 168 Colo. 536, 454 P.2d 932 (1969).

Furthermore, defendant's argument that it intended Scraper # 3 rather than Scraper # 2 to be identified to the parties' sales contract is misplaced. Defendant asserts that the contract called for various modifications to be made to the new scraper, and that defendant made certain modifications to Scraper # 3 pursuant to the contract, but did not similarly modify Scraper # 2. However, contrary to defendant's argument, title to Scraper # 2 could pass upon its delivery pursuant to § 4–2–401(2), C.R.S., regardless of the status of the modifications, because passage of title upon delivery under this section is based on the seller's final commitment to identification of specific goods to the contract by the act of making the delivery. The buyer, at his option, may accept nonconforming goods upon delivery. *See* § 4–2–401(2), C.R.S., (Official Comment 4); § 4–2–501(2), C.R.S.; § 4–2–601, C.R.S.

■ Defendant also contends that the trial court erred in improperly instructing the jury as to the definition of conversion. Defendant claims that it took Scraper # 2 in the belief that it had a right to repossession because it initially delivered Scraper # 2 by mistake, and that the conversion instruction given improperly failed to include a defense to liability under these circumstances. However, an assertion that the property was taken under a mistaken claim of right is not a defense to an action for conversion. *See Colorado Kenworth Corp. v. Whitworth,* 144 Colo. 541, 357 P.2d 626 (1960); *Glenn Arms Associates v. Century Mortgage & Investment Corp., supra.* Thus, the trial court here properly instructed the jury on conversion.

## II.

Plaintiff contends that the trial court erred in granting defendant judgment notwithstanding the verdict on the issue of exemplary damages for the conversion, arguing that the evidence was sufficient to support the jury's award of exemplary damages. We agree.

■ Exemplary damages are available in a conversion action if the taking of property is done in such a manner as to constitute a wanton and reckless disregard of the injured party's rights, even if the taking allegedly is done under a mistaken claim of right. *Vogel v. Carolina International, Inc.,* 711 P.2d 708 (Colo.App.1985); *Clark v. Morris,* 710 P.2d 1130 (Colo.App.1985). *See Pennsylvania Fire Insurance Co. v. Levy,* 85 Colo. 565, 277 P. 779 (1929); § 13–21–102, C.R.S. *Cf. Colorado Kenworth Corp. v. Whitworth, supra; American National Bank v. Etter,* 28 Colo.App. 511, 476 P.2d 287 (1970). The requirements for the award of exemplary damages are met if the defendant, while conscious of its conduct and cognizant of existing conditions, knew, or should have known, that a conversion would probably result from its actions. *See Frick v. Abell,* 198 Colo. 508, 602 P.2d 852 (1979).

The motion for judgment notwithstanding the verdict required the trial court to determine whether there was sufficient evidence to submit the issue of exemplary damages to the jury. *See Roberts v. Bucher,* 41 Colo.App. 138, 584 P.2d 97 (1978), *rev'd on other grounds,* 198 Colo. 1, 595 P.2d 239 (1979). In resolving this question, the trial court must determine whether a reasonable jury, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the plaintiff, could find beyond a reasonable doubt that defendant's actions were done in a wanton and reckless disregard of plaintiff's rights in Scraper # 2. *See Palmer v. A.H. Robins Co.,* 684 P.2d 187 (Colo.1984); *Coale v. Dow Chemical Co.,* 701 P.2d 885 (Colo. App.1985); § 13–25–127, C.R.S. Thus, the trial court's entry of judgment notwithstanding the verdict was justified only if no reasonable jury could have reached the same conclusion as the jury did in this case. *See Thorpe v. Durango School District No. 9–R,* 41 Colo.App. 473, 591 P.2d 1329 (1978), *aff'd,* 200 Colo. 268, 614 P.2d 880 (1980); *Roberts v. Bucher, supra.*

■ Here, when appropriately viewed, the evidence was sufficient to submit the

issue of exemplary damages to the jury and to support the jury's verdict. We conclude that a reasonable jury could find beyond a reasonable doubt that defendant's actions in connection with its conversion of Scraper # 2 were taken in a wanton and reckless disregard of plaintiff's rights. Accordingly, the trial court erred in granting defendant judgment notwithstanding the verdict on the issue of exemplary damages, and we reinstate the jury's verdict. Plaintiff's alternative argument on this issue is without merit under the record before us.

### III.

Plaintiff also contends that the trial court erred in dismissing his claim for outrageous conduct, arguing that the evidence was sufficient to submit this issue to the jury. We disagree.

Liability for outrageous conduct may be found *only if* the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970); *Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo. App.1985). While the question of whether the conduct is sufficiently outrageous for liability is ordinarily one for the jury, the trial court must determine, as a threshold matter of law, whether reasonable persons could differ as to the outrageousness issue. *Meiter v. Cavanaugh*, 40 Colo.App. 454, 580 P.2d 399 (1978); *Widdifield v. Robertshaw Controls Co.*, 671 P.2d 989 (Colo.App. 1983). Here, viewing the evidence in the light most favorable to plaintiff, we agree with the trial court that reasonable persons could not find that defendant's course of conduct was sufficiently outrageous to result in liability, and so the trial court properly dismissed plaintiff's claim for outrageous conduct.

The judgment of the trial court notwithstanding the verdict is reversed, and the cause is remanded with directions to enter judgment for plaintiff as to exemplary damages in accordance with the jury's ver-

dict. In all other respects, the judgment is affirmed.

BERMAN and TURSI, JJ., concur.