The **DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a Delaware corporation, Plaintiff–Appellant,**

v.

Frank C. **FORSTER, Ruby Forster and Marty E. Forster, Defendants–Appellees.**

No. 87CA1153.

Colorado Court of Appeals, Div. IV.

Feb. 9, 1989.

Rehearing Denied May 25, 1989.

Kathleen M. Snead, John S. Walker, Denver, for plaintiff-appellant.

Vance E. Halvorson, Steamboat Springs, Law Firm of Mike Hilgers, Mike Hilgers, Jeffery M. Grass, Arvada, for defendants-appellees.

JONES, Judge.

Plaintiff, Denver and Rio Grande Western Railroad Co., (Railroad), appeals from judgments entered on jury verdicts in favor of defendants Frank Forster, Ruby Forster, and Marty Forster (Forsters). We affirm in part and reverse in part, and remand to the trial court.

In 1984, the Forsters purchased a farm which is located near, and is higher in elevation than, the Railroad's Yarmony Tunnel. In operating the farm, they uti-lized ditches on the property to water the 69 acres by means of flood irrigation, as had previous owners.

In August 1985, representatives of the Railroad advised the Forsters that they were irrigating illegally and that the consequence of this irrigation was that water was seeping through the water table and undermining the structural integrity of the Yarmony Tunnel. The Railroad's representatives demanded that the Forsters close their headgate or the Railroad would have it closed by the state division engineer. Frank Forster voluntarily shut the gate on a temporary basis.

Thereafter, the Railroad and the Forsters attempted to negotiate an agreement whereby the Forsters could irrigate their crops and the Railroad could alleviate water damage to its tunnel. No agreement was reached, and, in March 1986, the Railroad filed suit to enjoin the Forsters' water use.

In addition to seeking an injunction, the Railroad also sought an award of damages for trespass, private nuisance, and negligence. The Forsters counterclaimed alleging abuse of process. During the trial, their motion to amend the counterclaim to add a claim for outrageous conduct was granted.

At the conclusion of trial, the request for permanent injunctive relief was denied. The jury found in favor of the Forsters on the Railroad's trespass, nuisance and negligence claims, but found for the Railroad on the abuse of process counterclaim. Further, it found in favor of Frank Forster on his counterclaim for outrageous conduct and awarded him $50,000, but found for the Railroad on Ruby and Marty Forster's counterclaims. Judgments were entered in accordance with these verdicts.

I.

On appeal, the Railroad first contends that the trial court erred in failing to dismiss three jurors for cause. We disagree.

Factors of credibility and appearance, which are determinative of bias, are best observed at the trial court level. *See People v. Sandoval*, 733 P.2d 319 (Colo.1987).

This is no less true in civil cases, which are governed by C.R.C.P. 47(e) as opposed to § 16–10–103, C.R.S. (1988 Repl.Vol. 8A). *See Young v. Carpenter,* 694 P.2d 861 (Colo.App.1984).

■ The decision of a trial court to deny a challenge for cause pursuant to C.R.C.P. 47(e) will not be disturbed on review absent a manifest abuse of discretion. *Blades v. DaFoe,* 704 P.2d 317 (Colo.1985); *Kaltenbach v. Julesburg School District RE–1,* 43 Colo.App. 150, 603 P.2d 955 (1979).

Here, the potential jurors stated they had not formed opinions, that they could be fair and impartial, and that they would decide the case based solely on the evidence adduced at trial. Inasmuch as these responses were made under oath, it was within the trial court's prerogative to give weight to the jurors' assurances that they could fairly and impartially serve on the case. *See People v. Russo,* 713 P.2d 356 (Colo.1986). Thus, the trial court did not abuse its discretion in denying the Railroad's challenges for cause.

## II.

The Railroad next contends that the trial court erred in failing to direct verdicts in favor of the Railroad on its claims that the Forsters' irrigation practices were negligent and constituted a trespass and nuisance to the Railroad's property. Again, we disagree.

A directed verdict can only be granted when the evidence, considered in a light most favorable to the non-movants, compels the conclusion that the minds of reasonable persons could not be in disagreement and that no evidence, or legitimate inference arising therefrom, has been received or shown upon which a jury's verdict against the moving party could be sustained. *Nettrour v. J.C. Penney Co.,* 146 Colo. 150, 360 P.2d 964 (1961).

■ A trespass is any entry upon, under, or above the surface of the real estate of another without the permission or invitation of the person lawfully entitled to possession of the real estate. *Plotkin v. Club Valencia Condominium Ass'n,* 717 P.2d 1027 (Colo.App.1986); *see CJI–Civ.2d* 18:1 (1980). The record reveals that sufficient evidence regarding the trespass claim was presented such that a jury question was raised. Thus, the motion for directed verdict was properly denied.

In a private nuisance suit, the essential question is whether the defending party has unreasonably interfered with the claimant's use and enjoyment of its property. *Miller v. Carnation Co.,* 33 Colo.App. 62, 516 P.2d 661 (1973).

We conclude that the evidence presented by all parties was sufficient to raise questions of fact for the jury regarding the nusiance claim, and that denial of the motion for directed verdict was proper.

Likewise, the totality of the evidence concerning negligence by the Forsters could not sustain the granting of the Railroad's motion for directed verdict.

## III.

Finally, the Railroad challenges the award to Frank Forster on his counterclaim for outrageous conduct. We conclude the counterclaim should not have been submitted to the jury.

Extreme and outrageous conduct is conduct which is so outrageous in character, and so extreme in degree, that a reasonable member of the community would regard the conduct as atrocious, going beyond all possible bounds of decency and utterly intolerable in a civilized community. Such outrageous conduct occurs when knowledge of all the facts by a reasonable member of the community would arouse his resentment against the defendant, and lead that person to conclude that the conduct was extreme and outrageous. *See Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970); *CJI Civ.2d* 23:2 (1980).

While the question of whether certain conduct is sufficiently abhorrent as to be properly considered outrageous is ordinarily a question for the jury, *Meiter v. Cavanaugh,* 40 Colo.App. 454, 580 P.2d 399 (1978), it is for the court to determine, in the first instance, whether reasonable persons could differ on the issue. *Blackwell v. Del Bosco,* 35 Colo.App. 399, 536 P.2d 838 (1975), *aff'd,* 191 Colo. 344, 558 P.2d 563 (1976); Restatement (Second) of Torts § 46, comment h (1965).

Frank Forster relies upon *Meiter v. Cavanaugh, supra,* for the assertion that the trial court properly presented the issue of outrageous conduct to the jury. *Meiter,* however, is distinguishable from the case at bar.

In *Meiter,* defendant Cavanaugh was an attorney who, acting on his own behalf in a real estate transaction, was belligerent and threatening to the plaintiff, who was an elderly woman. Therefore, in *Meiter,* unlike here, the defendant accompanied his harsh words with equally repugnant actions.

Moreover, in *Meiter,* defendant Cavanaugh implied to the plaintiff in his dealings with her that he had some special influence with the court by virtue of his position as an attorney.

■ Here, although the Railroad's representatives threatened to have the Forsters' water rights suspended, to have the dispute brought before a judge and jury, and attempted to negotiate a cessation of the Forsters' use of their water rights, such actions, even when viewed in a light most favorable to Frank Forster, are insufficient to sustain a jury finding of outrageous conduct. *See Bauer v. Southwest Denver Mental Health Center, Inc.,* 701 P.2d 114 (Colo.App.1985). Hence, as to this claim, the trial court erred in denying the Railroad's motion for directed verdict at the close of the Forsters' presentation of evidence.

The other assignments of error are without merit.

The judgments as to the claims of trespass, negligence, and nuisance are affirmed. The judgment in favor of Frank Forster on the counterclaim for outrageous conduct in the amount of $50,000 is reversed. The cause is remanded to the trial court for dismissal of the counterclaim of Frank Forster for outrageous conduct.

TURSI and REED, JJ., concur.