**Paul G. CORCORAN, Plaintiff–Appellant,**

v.

**Michael L. SANNER, Karl Hochtl, Steve Beck, and Homestake Builders Corporation, a Colorado corporation, Defendants–Appellees.**

No. 92CA0468.

Colorado Court of Appeals,
Div. V.

March 25, 1993.

Rehearing Denied May 13, 1993.

Zak, Fox, Pehr and Fuller, P.C., James J. Zak, Westminster, for plaintiff-appellant.

Stovall & Goodman, P.C., John D. Goodman, James W. Stovall, Avon, for defendant-appellee Michael L. Sanner.

Stewart H. Brown, Denver, for defendants-appellees Karl Hochtl, Steve Beck and Homestake Builders Corp.

Opinion by Judge ROTHENBERG.

Plaintiff, Paul G. Corcoran, appeals from the judgment of the trial court entered in favor of defendants, Michael L. Sanner, Karl Hochtl, Steve Beck, and Homestake Builders Corporation. We affirm in part, reverse in part, and remand with directions.

In 1990, plaintiff hired defendant Sanner, an architect, to design and draw the plans and specifications for remodeling work to be done to plaintiff's condominium. The remodeling included refinishing the ceiling from a popcorn-type finish to a smooth one.

Plaintiff entered into an oral agreement with defendant Homestake Builders Corporation (Homestake) through its shareholders and sole employees, defendants Hochtl and Beck, to act as the general contractors. Hochtl and Beck began remodeling the ceiling by scraping off the ceiling texture. That same day, the drywall subcontractor told them that the ceiling residue might contain asbestos. Subsequent testing for asbestos proved positive.

Plaintiff then hired an asbestos removal contractor to perform an asbestos abatement. During that process, plaintiff disposed of a large amount of his personal property because it had been contaminated with asbestos. After the abatement was completed, plaintiff hired another general contractor to finish remodeling his condominium.

Plaintiff filed an action against defendants claiming, *inter alia*, that: (1) defendants were negligent in failing to discover or bring to plaintiff's attention the potential presence of asbestos; (2) defendants breached their agreement to do all work in a workmanlike manner; and (3) Hochtl, Beck, and Homestake's actions constituted outrageous conduct. Defendants filed a counterclaim against plaintiff for breach of the oral contract.

At the conclusion of plaintiff's case-in-chief in a trial to the court, defendants moved to dismiss plaintiff's claims, and with the exception of plaintiff's negligence

claims, the court granted the motion. At the conclusion of all the evidence, the court entered judgment against plaintiff and in favor of defendants and also entered judgment in favor of defendants on their counterclaim.

In reaching its conclusion, the court found that no standards or guidelines existed requiring defendants to inspect or investigate for asbestos and that, therefore, defendants did not owe a duty to plaintiff. The trial court made no findings as to proximate cause despite a suggestion in the court's order that plaintiff knew about the asbestos before the work began.

## I.

Based upon expert testimony about the standard of care used by architects in Eagle County, the court found that defendant Sanner had no duty to warn plaintiff about asbestos. Plaintiff contends the court erred in so finding. We agree that the court erred in applying only local standards, rather than a statewide standard. Thus, we reverse that portion of the court's order entering judgment in favor of Sanner.

The elements of a negligence claim consist of the existence of a legal duty by the defendant to the plaintiff, breach of that duty by the defendant, injury to the plaintiff, and a sufficient causal relationship between the defendant's breach and the plaintiff's injuries. *Connes v. Molalla Transport System, Inc.,* 831 P.2d 1316 (Colo.1992).

Whether a defendant owes a legal duty to a particular plaintiff is a question of law. Legal duty is defined in terms of a standard of care. *United Blood Services v. Quintana,* 827 P.2d 509 (Colo.1992).

For those practicing a profession requiring specialized knowledge or skill, reasonable care requires the actor to possess "a standard minimum of special knowledge and ability" and to exercise reasonable care "in a manner consistent with the knowledge and ability possessed by members of the profession in good standing." *United Blood Services v. Quintana, supra,* at 519.

*See also Rian v. Imperial Municipal Services Group, Inc.,* 768 P.2d 1260 (Colo.App. 1989).

In *United Blood Services v. Quintana, supra,* our supreme court discussed the scope of the professional community by which a professional standard of care is to be established. The court stated that a practicing professional is generally entitled to be judged according to the tenets of the "school of practice" which the practitioner professes to follow. And, because in most cases of professional negligence the applicable standard is not within the common knowledge and experience of ordinary persons, such standard must be established by expert testimony.

In *Quintana,* the court also discussed the so-called "locality rule," which requires that *health care professionals* adhere to the knowledge and skill applicable to those practicing the same profession in the same locality. Whatever the continued vitality of the "locality rule" may be in such cases, we are unaware of any authority permitting application of a local standard of care to a professional negligence action not involving health care professionals.

In sum, although we recognize that, in certain situations, the standard of care applicable to Colorado architects may be affected by local standards, we hold that statewide standards must be applied in determining an architect's duty to his or her client and whether an architect has breached that duty.

Here, after considering the testimony, the trial court specifically applied local Eagle County standards to conclude as a matter of law that Sanner did not owe a duty to plaintiff to investigate for asbestos. This was error, and thus, that portion of the trial court's judgment in favor of defendant Sanner must be reversed and the cause remanded for a new trial.

## II.

Plaintiff also contends that the court erred in applying only local standards as to the remaining defendants who were the general contractors. However, after re-

viewing the court's order, we conclude that the court did not apply local standards, but rather, it correctly applied statewide standards. Accordingly, we affirm that part of the judgment in favor of defendants Karl Hochtl, Steve Beck, and Homestake Builders Corporation.

### III.

Similarly, we find no error in the trial court's ruling granting defendants Hochtl, Beck, and Homestake Builders' counterclaim for lost profits.

■ As previously stated, the trial court properly determined that these defendants were not negligent and did not breach their contract with plaintiff. Thus, we agree with the trial court that plaintiff breached his contract with these defendants by hiring a different contractor to complete the project.

■ The measure of damages for breach of a contract is the sum which will put the damaged party in the position it would have occupied if the contract had been performed. *See Flanders Electric Motor Service, Inc. v. Davall Controls & Engineering,* 831 P.2d 492 (Colo.App.1992).

■ Lost profits may be awarded if the loss resulted from a breach of contract. *See H.M.O. Systems, Inc. v. Choicecare Health Services, Inc.,* 665 P.2d 635 (Colo. App.1983).

■ Here, defendants' lost profits resulting from plaintiff's breach of contract were $2,704, and the court properly awarded defendants Hochtl, Beck, and Homestake Builders that amount on their counterclaim.

### IV.

Next, plaintiff contends the trial court erred in ruling that Department of Health Regulation No. 8 of the Colorado Air Quality Control Commission, 5 Code Colo.Reg. 1001–10 (1991), (Regulation 8) does not apply and, therefore, does not govern the conduct of the general contractors, defendants Hochtl, Beck, and Homestake Builders. We disagree.

Regulation 8 is one of a number of rules setting forth the procedures of the Colorado Air Quality Control Commission. As relevant here, it requires persons intending to abate asbestos-containing materials "in any amount greater than 32 square feet on surfaces other than pipes" to give notice to the State Health Department of their intent to conduct the asbestos abatement. 5 Code Colo.Reg. 1001–10, § III(B)(1)(a). The notice requirements do not apply to asbestos abatement "projects in a single family residential dwelling if the project is being conducted by an individual who resides in the dwelling." 5 Code Colo.Reg. 1001–10, § III(B)(1)(a)(v). "Conducted" is not defined.

If there is reason to believe there has been a violation of this regulation, the Colorado Air Quality Control Division (the Division), established within the Division of Administration of the Colorado Department of Health, is granted the authority to enforce Regulation 8 by issuance of a cease and desist order, a penalty assessment, or the filing of an action in the district court. 5 Code Colo.Reg. 1001–10, § VI. *See also* 5 Code Reg. 1001–1, § IV(I).

■ The thrust of plaintiff's argument is that simply because plaintiff's two expert witnesses testified Regulation 8 applied in this case, and because there was no expert testimony to the contrary, the trial court was bound by that evidence and required to rule that Regulation 8 applied. We do not agree.

■ It is the trial court's responsibility to determine the law to be applied in any case, and the court is not bound by "expert testimony" on the applicability of the law. It is irrelevant whether that expert testimony regarding the legal question is uncontradicted. *See Cherry Hills Country Club v. Board of County Commissioners,* 832 P.2d 1105 (Colo.App.1992) (weight of evidence and assessment of credibility are solely for determination of court as fact finder).

■ Moreover, even if we assume that Regulation 8 required notice to the state health department, it is irrelevant to plain-

tiff's negligence action against the general contractors. In contrast to other statutes and regulations, the violation of which might constitute negligence *per se* or evidence of negligence, Regulation 8 requires notification to the state and payment of a processing fee. It does not create a standard of care for general contractors and in no way governs the conduct owed by these defendants to plaintiff. *See State v. Moldovan*, 842 P.2d 220 (Colo.1992). Thus, the trial court did not err in ruling that Regulation 8 had no bearing on this action.

## V.

Plaintiff next contends that the trial court erred in dismissing his breach of contract and outrageous conduct claims. Again, we disagree.

After a plaintiff has completed the presentation of evidence in a bench trial, a party may move for dismissal of the action on the ground that plaintiff has shown no right to relief. In such a trial, the standard for the court to follow in ruling on such a motion is whether, in light of all the evidence, a judgment for defendant should be entered. C.R.C.P. 41(b).

The trial court sitting as fact finder is afforded wide discretion in determining whether a motion for dismissal under C.R.C.P. 41(b) should be granted, and its ruling will not be disturbed unless the court's findings and conclusions are manifestly against the weight of the evidence. *See Smith v. Weindrop*, 833 P.2d 856 (Colo.App.1992).

In regard to the breach of contract claims, plaintiff contends that defendants breached their oral agreement to perform the work in a workmanlike manner by failing to detect or call to plaintiff's attention the possibility of asbestos. However, plaintiff testified that he and defendants did not expressly agree that defendants would warn plaintiff of or investigate the possibility of asbestos in his residence. According to plaintiff, he hired Sanner to develop design drawings, and he hired the general contractors to remodel his condominium. Thus, the court did not err in dismissing plaintiff's breach of contract claim.

We also reject plaintiff's contention that the court erred in dismissing his claim against the general contractors for outrageous conduct.

To prevail on a claim for outrageous conduct, a plaintiff must establish that the defendants, by extreme and outrageous conduct, intentionally or recklessly caused him or her severe emotional distress. Outrageous conduct is that which is so outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Ellis v. Buckley*, 790 P.2d 875 (Colo.App.1989).

Here, plaintiff contends that defendants' actions constituted outrageous conduct because they were reckless in failing to attempt to discover whether there was asbestos in his condominium before starting the remodeling project. However, plaintiff failed to introduce any evidence that the general contractor knew that an asbestos problem existed or that he intentionally ignored a hazard by scraping the ceiling. In fact, defendants presented evidence that plaintiff suggested he had an asbestos problem. Thus, plaintiff failed to establish that defendants' conduct was outrageous and extreme and the court correctly dismissed the claim.

## VI.

Because certain issues raised in this appeal involving defendant's expert witness may arise again at the retrial, we address them here.

First, plaintiff contends that the trial court erred in allowing Richard Olson, an architect, to testify as an expert witness because Olson is not licensed in Colorado and does not perform any architectural services here. We reject plaintiff's contention that expert witnesses are disqualified from testifying in Colorado merely because they are not licensed here or do not perform their services here.

CRE 702 provides that if scientific, technical, or other specialized knowledge will

aid the trier of fact in understanding the evidence or in determining a fact at issue, a witness qualified as an expert by knowledge, skill, and training may testify in the form of an opinion. Thus, an architect unlicensed in Colorado is not disqualified from testifying as to the standard of care of architects here, provided that the out-of-state expert has a sufficient familiarity with the proper standard of care required by Colorado practitioners. *See Perlmutter v. Flickinger,* 520 P.2d 596 (Colo.App.1974) (not selected for official publication).

The qualification of an expert witness is a matter within the sound discretion of the trial court, and absent evidence of an abuse of its discretion, a trial court's determination will not be disturbed on review. *Brewer v. American & Foreign Insurance Co.,* 837 P.2d 236 (Colo.App.1992).

Upon retrial, the trial court should determine whether Olson's education, training, experience, and knowledge in the field of architecture establishes that he has special knowledge concerning architectural standards, including statewide standards applicable to Colorado practitioners, and whether Olson's testimony would aid the court. If such criteria are met, then his testimony may be properly admitted.

Plaintiff also contends the trial court erred in allowing Olson to testify about a telephone survey that he conducted of Eagle County architects and to offer his opinion based on that survey. Since we have concluded that the trial court erred in applying a local standard of care rather than a statewide standard, any evidence concerning a survey of only local architects appears to be irrelevant and we thus need not consider the additional issue of whether a proper foundation was laid for the admission of the survey evidence. *See Toys "R" Us, Inc. v. Canarsie Kiddie Shop, Inc.,* 559 F.Supp. 1189 (E.D.N.Y.1983); *Ways & Means, Inc. v. IVAC Corp.,* 506 F.Supp. 697 (N.D.Calif.1979) (survey evidence admissible if there is some necessity that makes the survey desirable and if it was conducted in accordance with accepted principles of survey research). *See also Zippo Manufacturing Co. v. Rogers Imports,* *Inc.,* 216 F.Supp. 670 (S.D.N.Y.1963); *Prudential Insurance Co. v. Gibraltar Financial Corp.,* 694 F.2d 1150 (9th Cir.1982). *See generally* 11 *Moore's Federal Practice* 703.40 (2d ed. 1989).

The judgment is reversed as to defendant Sanner, and the cause is remanded to the district court for a new trial on plaintiff's negligence claim against him only. The judgment is affirmed as to defendants Hochtl, Beck, and Homestake Builders.

NEY and RULAND, JJ., concur.